LEOPOLDO J. E. VÁZQUEZ PRADA LÓPEZ, demandante y apelante, *v.* CIPRIANO SANTOS LANCHAS, ET ALS., demandados y apelados.

No. 6680.—*Sometido:* Mayo 29, 1935. *Resuelto:* Diciembre 23, 1935.

*Leopoldo J. E. Vázquez Prada López,* por su propio derecho; *Gilberto Concepción de Gracia,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se pidió en este pleito por el demandante Leopoldo J. E. Vázquez Prada y López a la Corte de Distrito de San Juan

que declarara nulos el procedimiento especial en cobro de crédito hipotecario seguido por el demandado Cipriano Santos y Lanchas contra doña Luisa López Laborde y sus hijos, bajo el número 9232, la sentencia dictada en el mismo, la adjudicación de la casa hipotecada a Santos en la ejecución de la sentencia, la hipoteca de la misma otorgada por Santos a favor de Merino Rodríguez y Hermano y su venta a Martín Sánchez, la escritura de división de herencia de Sánchez y cualquier otro traspaso hecho por Santos de la casa en cuestión.

La demanda contiene cuatro causas de acción. Se alegó en la primera, en resumen, que en marzo 30, 1916, doña Luisa López Laborde por sí y en representación de sus hijos Jaime José, Luz, Estela Catalina, Marina Petra, Leopoldo José Eulogio, Arturo Leopoldo y Luisa Ana María, constituyó hipoteca voluntaria sobre la casa No. 24 de la Calle de San José de esta ciudad de San Juan a favor de Cipriano Santos para responder de $8,400, intereses y costas;

Que en noviembre 11, 1916, Santos inició el procedimiento sumario No. 9232 en la Corte de Distrito de San Juan en cobro de su crédito y expedido auto de requerimiento dirigido al márshal, fué cumplimentado por Bernardo Artigas, persona particular, entregando a doña Luisa López Laborde, por sí y como madre con patria potestad sobre sus menores hijos, copia del mismo y de la demanda y documentos a ella acompañados;

Que en febrero 6, 1917, se dictó sentencia en contra de los demandados Señora López Laborde y sus hijos, ordenándose al márshal que procediera a la venta en pública subasta de la casa hipotecada para satisfacer con su producto $8,400 de capital, $315 de intereses hasta octubre 31, 1916, y los que se devengaren hasta el pago completo de la deuda y $1,150 para costas, desembolsos y honorarios de abogado; y

Que en efecto celebrada la subasta pública en febrero 28, 1917, la casa fué adjudicada al acreedor Santos, que inscribió su título en el registro.

En la segunda causa de acción se sostiene que la casa fué vendida por el márshal sin haberse trabado embargo sobre ella y que el demandante L. J. E. Vázquez Prada y López que era mayor de edad cuando se inició el procedimiento, no fué requerido personalmente.

En la tercera se alega que los frutos producidos por la casa y percibidos por Santos ascienden a $44,000; que en diciembre 1, 1916, el demandante ofreció a Santos la cantidad de $8,400 ÿ sus intereses al nueve por ciento anual y Santos se negó a recibirlos alegando que se le debían $15,000; que por virtud del cobro ilegal de la hipoteca el demandante se vió impedido de vender la finca en $22,750, perdiendo así $14,061.72, y que la finca, al tiempo de su ejecución valía $25,807.12. Se reclaman daños por valor de $58,061.72.

La cuarta causa de acción se refiere a la hipoteca otorgada en 1918 a favor de Merino Rodríguez Hermanos, quienes se alega que tenían conocimiento de la nulidad del requerimiento por los autos del pleito No. 9232, y a la de la venta hecha en 1923 a favor de Gabriel Martín Sánchez quien se alega que tenía conocimiento de los vicios del procedimiento por los dichos autos obrantes en la Secretaría de la Corte de Distrito de San Juan y por ser padre de la esposa de Santos. Se alega el fallecimiento de Sánchez con expresión de quiénes son sus herederos, a los cuales se les imputa también conocimiento de la nulidad por los autos y por el parentesco que tienen con la esposa del demandado Santos.

Los demandados Santos y su esposa contestaron negando algunos hechos y aceptando otros, aduciendo como defensas especiales falta de hechos suficientes para determinar las causas de acción ejercitadas; cosa juzgada: porque el demandante en unión de sus hermanos en 1926 inició contra ellos en la Corte de Distrito de San Juan una acción de nulidad del mismo procedimiento ejecutivo hipotecario, pleito No. 1052, alegando substancialmente las mismas causas que ahora alegan, acción que fué declarada sin lugar por sentencia de febrero 21, 1927, confirmada por esta Corte Suprema en julio

26, 1929, y porque en agosto 10, 1929, el demandante y sus hermanos iniciaron otro pleito, el No. 10187 de la corte de distrito de San Juan, en el cual los hicieron partes demandadas, y solicitaron también la nulidad del procedimiento ejecutivo hipotecario de que se trata, pleito que fué resuelto por sentencia adversa al demandante y sus hermanos que apelaron y desistieron luego de su apelación, teniéndolos el Tribunal Supremo por desistidos en julio 16, 1932, y acción pendiente, porque el demandante y sus hermanos en octubre de 1928 promovieron un pleito en la propia corte de distrito sobre cumplimiento de contrato, el número 7942, en el cual alegaron "que con fecha 2 de enero de 1923, la sucesión demandante convino con el demandado en unión de su esposa Doña Nestora Martín Moro de Santos, adjudicarle como le adjudicó el inmueble descrito en el hecho quinto de esta demanda enmendada, mediante el pago por los demandados a la Sucesión demandante, de la cantidad de diez y seis mil seiscientos dollars ($16,600), a los once años y diez meses de la fecha de la ejecución, o sea el día 28 de febrero de 1929, efectuándose tal convenio por el hecho de tener el inmueble de referencia un valor de veinte y cinco mil dólares ($25,000)", cuya acción, que es inconsistente con ésta que ahora se ejercita, se encuentra aún pendiente en la corte de distrito.

Trabada así la contienda fué el pleito a juicio, decidiéndolo la corte por sentencia declarando la demanda sin lugar. La sentencia se basa en una relación del caso y opinión que, en lo pertinente, dice:

"...

"La prueba documental ofrecida por el demandante puede resumirse en lo siguiente: acta de nacimiento de Leopoldo José Eulogio Vázquez Prada y López, acreditativa de haber nacido en el pueblo de Manatí el día 13 de septiembre de 1895; de acuerdo con esta acta de nacimiento, es evidente que en la fecha en que se inició el procedimiento ejecutivo del caso No. 9232 el demandante tenía 21 años, 2 meses, 28 días;

"Para una debida comprensión de lo que hemos de decir más adelante, vamos a estudiar los autos del caso No. 9232, Cipriano Santos y Lanchas v. Luisa López Laborde y otros, sobre procedimiento especial en cobro de crédito hipotecario. Este pleito se inició el día 11 de noviembre de 1916, y en la misma fecha, este tribunal, actuando por su juez Félix Córdova Dávila, dictó auto de requerimiento dirigido a los demandados, cuyo auto se copia en el mandamiento . . . Aparece al dorso de este mandamiento un diligenciamiento suscrito y jurado por Bernardo Artigas, en el que se dice que el día 11 de noviembre de 1916 notificó a Doña Luisa López Laborde, por sí y como madre con patria potestad sobre sus menores hijos Jaime José, Luz, Estela Catalina, Marina Petra Luz y Leopoldo José Eulogio Vázquez y López entregándole copia de dicho requerimiento, demanda y demás documentos que la acompañan, en su residencia de Santurce, Parque No. 5, (San Juan), y que así mismo notificó a Arturo Leopoldo y Luisa Ana María Vázquez y López en la misma casa, dejando en poder de éstos una copia del requerimiento. . . . También de los autos aparece que con fecha 24 de noviembre de 1916, J. R. F. Savage, comparece en autos pidiendo la nulidad del procedimiento como abogado de Doña Luisa López Laborde, por sí y como madre con patria potestad sobre sus menores hijos, Jaime José, Luz, Estela Catalina, Marina Petra Luz y Leopoldo José Eulogio Vázquez y López, y comparece también como abogado de Arturo Leopoldo y Luisa Ana María Vázquez y López. En el escrito solicitan, no solamente la nulidad del auto dictado el 11 de noviembre, sino también del requerimiento hecho por virtud de dicho auto, y alegan como fundamento de su petición lo siguiente: reconocen que por escritura No. 14 otorgada ante el Notario José Martínez Dávila con fecha 30 de marzo de 1916, los demandados constituyeron una hipoteca a favor del demandante Cipriano Santos y Lanchas sobre la casa No. 24 de la calle San José en San Juan, para asegurar el pago de $8,400; que el demandante alega en su demanda que los demandados no han satisfecho los intereses de la hipoteca correspondientes a los meses de junio a octubre, más los días correspondientes al mes de noviembre, todos del año 1916, y que tal hecho es completamente falso, puesto que tales intereses han sido pagados por los demandados, según consta de los recibos firmados por el demandante y correspondientes a cada uno de dichos meses; que habiendo satisfecho los intereses y faltando más de dos años todavía para el vencimiento de la hipoteca, la deuda no es exigible, y por lo tanto, carece el demandante de fundamento para pedir la ejecu-

·ción de la hipoteca en procedimiento especial. El juez de la Corte, Sr. Félix Córdova Dávila, señaló día para oír a las partes y para la práctica de la prueba sobre la moción, y aunque no lo dicen los autos del caso, es lo cierto, por alguna evidencia que está unida a los autos, que se practicó prueba documental y pericial y con fecha 6 de febrero de 1917, dictó una orden de la cual copiamos lo siguiente:

" 'Por cuanto, habiendo presentado una moción los demandados ·alegando que ellos habían satisfecho los intereses de la referida hipoteca hasta el mes de octubre de 1916, moción que fué impugnada por el demandante alegando ser falsos dichos recibos, por lo que la ·Corte de acuerdo y con la conformidad de las partes nombró peritos para que hicieran un cotejo de las firmas indubitadas del demandante.

"Por cuanto, del dictamen pericial y de las demás pruebas presentadas resulta que dichos recibos son falsos.'

"Y a renglón seguido entonces la corte ordena que se expida mandamiento al márshal para la venta en pública subasta de la finca ·objeto del procedimiento. Aparece después que la finca se vendió y que se adjudicó al demandante Cipriano Santos y Lanchas, único compareciente en la subasta, y que la adjudicación se hizo por la ·suma de $9,710.00, cuya suma se abonó en pago de su crédito hipotecario. . . .

"El demandante, al discutir tanto en su alegato original como en ·su alegato complementario los motivos de nulidad del ejecutivo seguido en el indicado pleito No. 9232, hace hincapié en cuanto a que un requerimiento de pago hecho por persona particular es nulo e ineficaz, toda vez que es el márshal el funcionario a quien la ley impone la obligación de hacer tal requerimiento. Ya esto está resuelto por el Tribunal Supremo y se hace innecesario citar de autoridades. De modo, pués, que en cuanto a este extremo de nulidad, tenemos que convenir que el procedimiento es nulo. Pero ¿qué eficacia tiene la comparecencia del demandado en el expediente de ejecución? Él alega ahora en este pleito que fué requerido por una persona particular, no como mayor de edad, sino como menor y por ·conducto de su señora madre; que la finca no fué embargada antes de la venta y que el requerimiento se hizo por una persona particular. Sin embargo, en ninguna de las dos mociones que quedan ·en los autos suscritas por el abogado Sr. Savage, se hizo constar la ·circunstancia de que el demandante Leopoldo J. E. Vázquez Prada y López fuese mayor de edad, ni tampoco que no hubiera sido requerido personalmente. Ya está resuelto que la comparecencia de

un abogado a nombre de un demandado obliga a éste cuando no se impugna tal comparecencia en tiempo oportuno. No perdemos de vista que estos procedimientos tienen lugar en el año 1916. No sabemos dónde está el Sr. Savage ahora.

"La mera manifestación del demandante de que el demandado Cipriano Santos y Lanchas sabía que él era mayor de edad en la fecha en que se hizo el requerimiento, no está sostenida por prueba alguna. Por el contrario, la presunción lógica que debemos inferir de la misma escritura en que se constituyó la hipoteca, es que Cipriano Santos y Lanchas tenía que presumir que el demandante en aquella época era menor de edad. La comparecencia de un menor se hace por su tutor, o por su padre, o por la persona que legalmente lo representa. Si el demandante Vázquez Prada consintió en que el abogado Savage compareciera ante la Corte y alegara contra el auto de requerimiento y el diligenciamiento del mismo pidiendo su nulidad, son actuaciones que le perjudican, porque una parte no puede someterse voluntariamente a la jurisdicción de una corte para pedir la nulidad de un procedimiento judicial y luego alegar causas nuevas y distintas cuando el tribunal resuelve adversamente sus pretensiones. Por otra parte, desde el año 1916 hasta la fecha en que se radicó la demanda en este caso, que lo fué en noviembre 5 de 1931, han transcurrido 15 años, y no se nos ha demostrado en forma que satisfaga nuestra conciencia de juzgador, razón o fundamento alguno para que el demandante haya dejado transcurrir tan largo tiempo sin que impugnara la actuación del abogado Savage, actuación que de acuerdo con la ley, debemos presumir hecha de la mejor buena fe y con plenos poderes de su cliente. De manera que, aceptando, porque es un hecho perfectamente probado, que el requerimiento se hiciera por una persona particular en el ejecutivo iniciado bajo el caso No. 9232, la circunstancia de comparecer el demandante en este pleito para pedir la nulidad del auto de requerimiento, y el requerimiento en sí, curaron cualquier vicio o defecto que pudiera existir en aquel requerimiento. Sería distinta la situación si el demandante Vázquez Prada no hubiera comparecido nunca en autos en el caso No. 9232. El demandante nos dice que un abogado puede obligar a su cliente cuando éste es mayor de edad, porque para representar a menores necesita autorización de la Corte de Distrito, según lo dispone el artículo 182 del Código Civil Revisado. Este precepto de ley es aplicable a la autorización que necesitan los tutores para realizar ciertos actos en cuanto a los bienes de menores; pero no conocemos ningún precepto de ley en que una madre

que represente a hijos menores de edad necesite la autorización de un tribunal para que dichos hijos puedan defenderse en una acción en la que son demandados.

"También alega el demandante que la resolución de la Corte a que antes hacemos referencia sobre las alegaciones hechas por el abogado Sr. Savage, y el silencio de los demandados en cuanto a tales manifestaciones del tribunal, no producen estado jurídico alguno que pueda favorecer al demandado.

"Nosotros no estamos resolviendo en absoluto las razones o fundamentos que tuvo el juez Córdova Dávila para decir lo que dijo en aquel caso. *Lo que resolvemos de modo terminante, es que habiendo el demandado en aquel caso comparecido por su abogado en el procedimiento ejecutivo sumario y solicitado la nulidad del auto y el requerimiento, tal comparecencia curó cualquier vicio o defecto que el mismo pudiera tener, ya por haber omitido las circunstancias de ser él mayor de edad, o ya por no haber alegado de modo expreso y terminante que no fué citado personalmente, como lo alega ahora.*

"La alegación que se hace como motivo de nulidad de que la finca objeto del procedimiento ejecutivo no fué previamente embargada antes de la ejecución, ha sido resuelta en diversos casos y no hace necesaria una discusión de la misma

"Resueltos en esta forma los motivos de nulidad y siendo las demás causas de acción que se ejercitan en la demanda derivadas de éstas, se hace innecesaria la discusión de las mismas. Se declara sin lugar la demanda, sin especial condenación de costas." Itálicas nuestras.

A nuestro juicio la corte de distrito fué demasiado lejos al concluir que el demandante está obligado por la actuación de un abogado en el procedimiento ejecutivo.

Lo que surge de los autos es que el Sr. Savage compareció como abogado de la Señora López Laborde actuando ésta por sí y a nombre de sus menores hijos, entre los cuales se nombra al demandante. Y con esa única base ¿cómo puede concluirse que fué el demandante debidamente representado?

Si el demandante era mayor de edad en esa época tenía derecho a actuar por sí mismo, a designar su abogado. La

madre no tenía autoridad para actuar por él. La representación que ésta confiriera a su abogado sobre la base de la minoridad de su hijo, resulta ineficaz siendo el hijo, como era, mayor de edad en aquel entonces.

 No está, pues, bien fundada la sentencia recurrida, pero como no es contra los fundamentos de las sentencias que se apela, si que contra las sentencias mismas, continuamos estudiando el recurso para ver si podía la sentencia aquí apelada sostenerse a virtud de las defensas de cosa juzgada y pleito pendiente alegadas por los demandados en su oportunidad y nos encontramos con que la exposición del caso es de tal manera deficiente que no nos permite formar juicio sobre el particular.

Los pleitos aportados como prueba por los demandados sólo se describen en la exposición por sus títulos. El apelante expresa los motivos que adujo para oponerse a su admisión en evidencia cuando fueron presentados, pero no transcribe las alegaciones ni las sentencias.

La situación que surge es anómala. La ley (art. 306 del Código de Enjuiciamiento Civil, ed. 1933) dispone que cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber dictado dicho tribunal, salvo los casos en que fuere necesario aclarar determinados puntos de hecho, o que la indemnización que hubiere de fijarse o materia sobre la cual hubiere de decretarse, fuere dudosa, pues en cualquiera de estos casos se devolverá la causa para su revisión al tribunal inferior. El apelante no nos ha colocado en condiciones de cumplir el deber que la ley nos impone y por ese solo fundamento puede en casos apropiados declararse una apelación sin lugar, quedando en su consecuencia confirmada la sentencia que dicta la Corte de Distrito que tiene la presunción de ser justa y de haberse pronunciado sobre la base de las alegaciones y las pruebas.

Pero como por la expresa manifestación de la Corte sen-

tenciadora sabemos que las defensas que pudieran quizá sostener su fallo no fueron tomadas por ella en consideración para dictarlo, y como hemos llegado a la conclusión de que el fundamento que tuvo para declarar sin lugar la nulidad del procedimiento ejecutivo hipotecario de que se trata, no obstante reconocer que uno de los motivos aducidos para ello existía, es erróneo, creemos que la justicia demanda que el pleito vuelva a la Corte de Distrito de su origen para que sea considerado y resuelto en su totalidad.

Dos días antes del señalado para la vista del caso en su fondo los apelados pidieron la desestimación del recurso por no ajustarse el alegato del apelante a las reglas de esta corte y por ser la exposición del caso archivada insuficiente. Al día siguiente la parte apelante presentó una moción para que se le permitiera corregir la dicha exposición del caso y solicitó la suspensión de la vista. La corte no accedió a la suspensión, y tomó en consideración ambas mociones para resolverlas al estudiar el recurso en sus méritos.

El alegato del apelante no se ajusta ciertamente por completo a las reglas de esta corte, pero presenta con bastante claridad las cuestiones envueltas y pudo ser como fué bien entendido por los apelados que lo contestaron sin dificultad y ampliamente en el suyo. No procede en tal virtud por el motivo alegado la desestimación.

La corrección de los autos podría ser en verdad el medio apropiado para colocar a esta corte en condiciones de decidir el recurso con conocimiento de todo lo ocurrido en el pleito. Sin embargo, creemos que la devolución del pleito a la corte de distrito de su origen para que sea considerado y decidido en su totalidad permitirá una depuración más amplia de todas las cuestiones envueltas y una decisión más correcta de las mismas tanto por la corte de distrito cuanto por esta propia Corte Suprema si es que a ella vuelve otra vez el caso en apelación.

*Por virtud de todo lo expuesto deben declararse sin lugar*

*las mociones de desestimación y corrección de autos y dictarse sentencia revocando la apelada devolviendo el pleito a la corte de distrito de su origen para ulteriores procedimientos de conformidad con la opinión.*