LUZ M. RÍOS ROSARIO, demandante y recurrida, *v.* AGUSTÍN VIDAL RAMOS, demandado y recurrente.

*Número:* RE-92-361          *Resuelto:* 30 de junio de 1993

4

*Rafael Sánchez Hernández*, abogado del recurrente; *Olga M. Shepard*, abogada de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

En *Key Nieves v. Oyola Nieves*, 116 D.P.R. 261, 268 (1985), establecimos *inter alia* que en la reclamación del derecho a recibir *alimentos futuros* instada a favor de unos hijos mayores de edad con el fin de terminar su carrera universitaria, era de rigor que tales hijos mayores de edad originaran dicha petición, aunque por razones de economía procesal ésta podía ser presentada dentro del pleito original de divorcio entre sus padres.

Hoy resolvemos que el progenitor que retiene la patria potestad y custodia de los hijos no puede reclamar del otro cónyuge el pago de las pensiones alimentarias atrasadas *debidas a los hijos* cuando éstos ya han advenido a su mayoría de edad. Extinguida la patria potestad sobre los hijos por razón de mayoridad, tal progenitor carece de capacidad jurídica para *representar* a sus hijos, razón por la cual, de no estar prescrita, corresponde a aquéllos promover la acción en cobro de las pensiones vencidas. Ello, no obstante, puede reclamar en el mismo pleito de alimentos en el que estén todas las partes afectadas, la existencia de una deuda por parte del otro cónyuge, para *con su persona*, por aquello en que le hubiese sido útil a aquél el pago hecho por éste. Por las circunstancias particulares del caso ante nos y por razón de economía procesal, permitimos que las partes con capacidad jurídica sean integradas al actual pleito.

I

La demandante, Luz M. Ríos Rosario, abogada de profesión, y el demandado, Agustín Vidal Ramos, comerciante,

contrajeron matrimonio el 11 de abril de 1962. Como producto de dicha unión procrearon cuatro (4) hijos, a saber: Agustín, nacido el 12 de enero de 1963, Pedro, nacido el 27 de enero de 1964, Gustavo, nacido el 15 de marzo de 1968, y Antonio Ricardo, nacido el 20 de mayo de 1969. El vínculo matrimonial fue declarado disuelto mediante sentencia de divorcio emitida por el Tribunal Superior de San Juan el 31 de julio de 1981. En dicha sentencia el tribunal le asignó la custodia de los menores a la demandante, la patria potestad a ambos padres e impuso al demandado el pago de doscientos cincuenta dólares ($250) *quincenales* en concepto de pensión alimentaria para los menores.

Así las cosas, el 18 de abril de 1990, un mes antes de que el menor de los hijos adviniera a su mayoridad, la licenciada Ríos Rosario presentó dentro del pleito original de divorcio una moción en la que solicitaba al tribunal que encontrara al demandado incurso en desacato por su incumplimiento en el pago de la pensión alimentaria. Alegó que a partir de agosto de 1986 el demandado por su propia cuenta había reducido el pago de la pensión de quinientos dólares ($500) *mensuales* a doscientos cincuenta dólares ($250) al mes, y que a partir de agosto de 1987 había dejado de satisfacer la pensión en su totalidad. El recurrente no fue notificado de tal solicitud de desacato sino hasta el 15 de agosto de 1990, *fecha para la cual todos los hijos habidos habían alcanzado su mayoría de edad.*

En respuesta, el demandado planteó que la recurrida carecía de facultad para instar la referida acción por cuanto ninguno de sus hijos estaba sujeto a su patria potestad. Alegó, además, que la suspensión de los pagos de la pensión respondió a un acuerdo verbal existente entre él y la recurrida mediante el cual él asumiría, a cambio, los gastos de educación universitaria de los hijos mayores.

Luego de un accidentado trámite procesal, se celebró la vista del caso en su fondo. Ambas partes presentaron prueba documental así como prueba consistente en sus

propios testimonios. La parte recurrente, además, presentó a su favor el testimonio de su primogénito Agustín. Finalmente, el tribunal se pronunció condenando al señor Vidal al pago de veinte mil dólares ($20,000) en concepto de pensiones no satisfechas a sus hijos Gustavo y Antonio, once mil seiscientos dólares ($11,600) en concepto de intereses, más tres mil dólares ($3,000) en honorarios de abogado. De esta sentencia acude el demandado y alega que erró el tribunal de instancia al no desestimar la solicitud de desacato, toda vez que la promovente no podía representar a sus hijos, una vez éstos alcanzaron la mayoría de edad.[1] Veamos.

## II

No cabe duda de que los casos de alimentos a hijos menores de edad revisten el más alto interés público. *Piñero Crespo v. Gordillo Gil*, 122 D.P.R. 246 (1988); *López v. Rodríguez*, 121 D.P.R. 23 (1988); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986); *Quiñones v. Jiménez Conde*, 117 D.P.R. 1 (1986). El deber de alimentar a los hijos sujetos a la patria potestad surge por imperativo del Art. 153 del Código Civil, 31 L.P.R.A. sec. 601, el cual se arraiga en profundas consideraciones de base moral como son el amor, el auxilio y la solidaridad familiar. Tal obligación se extiende a proveer "todo lo ... indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia". Art. 142 del Código Civil, 31 L.P.R.A. sec. 561. Ello incluye tanto las necesidades físicas

---

[1] Además, arguye el apelante que erró el tribunal a quo al no concederle un crédito al promovido por los gastos en que incurrió por matrícula, estudios y alimentos de sus hijos menores durante el periodo reclamado, al no permitirle presentar prueba sobre todos los gastos extraordinarios que llevó a cabo, al resolver que los gastos de urgencia médicos y legales en que incurrió a favor de dos (2) de sus hijos no podían ser imputados al pago de la pensión y/o no condenar a la recurrida a aportar el pago de los mismos como gastos extraordinarios; al condenarlo a pagar la totalidad de la sentencia en el término de treinta (30) días y al no concederle un nuevo juicio y/o vista. Conforme al resultado que aquí llegamos, no se hace necesario que entremos a considerar los mismos.

como intelectuales del alimentista. *Guadalupe Viera v. Morell*, 115 D.P.R. 4 (1983); *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61 (1987).

■ Mientras los hijos se encuentren en estado de minoridad y no hayan sido emancipados por razón de matrimonio o dictamen judicial, los derechos de la patria potestad facultan al progenitor interesado a reclamar el pago de aquellas pensiones a nombre de los hijos, siempre y cuando no estén prescritas. *Cf.* Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296; *Brea v. Pardo*, 113 D.P.R. 217 (1982). Esto es así puesto que el padre o la madre tienen respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho. Art. 153 del Código Civil, *supra*. Véase J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1984, pág. 261 y ss. *Cf.* 32 L.P.R.A. Ap. III, R. 15.2.

Coincidimos con quienes señalan que dicho poder de representación de los padres que ostentan la patria potestad comprende todas las facultades concernientes a los bienes, deberes y derechos de los hijos, salvo aquellos que se encuentran expresamente exceptuados por ley, por lo cual la representación le confiere a los progenitores con patria potestad las más amplias facultades para actuar en nombre de sus hijos menores no emancipados tanto en la esfera judicial como en la extrajudicial. Véanse: M. Amorós Guardiola, *Comentarios a las reformas del Derecho de Familia*, Madrid, Ed. Tecnos, 1984, Vol. II, pág. 1084; L. Díez–Picazo, *La representación en el Derecho Privado*, Madrid, Ed. Civitas, 1979, pág. 285; Puig Brutau, *op. cit.*; A. Uribe Sorribes, *La representación de los hijos*, XXV Anales de la Academia Matritense del Notariado 261 (1982); J. López Pérez, *El deber de representación en la patria potestad: flexibilidad*, 1979 Rev. Der. Priv. 1150, 1152 (1979).

Este deber de representar a los hijos menores no emancipados, amplio como es, está sujeto a las expresas restric-

ciones que el ordenamiento le impone a los padres en cuanto a actuar por sus hijos respecto a ciertos tipos de negocios y bajo determinadas circunstancias.([2])

Indudablemente la acción para solicitar la satisfacción de las pensiones alimentarias debidas a los hijos menores no emancipados es una en la cual el padre o la madre con patria potestad y custodia tienen perfecto derecho de representar a tales menores. No obstante, aun cuando una acción caiga dentro del ámbito de ese deber o facultad de representación, su ejercicio por parte del progenitor dependerá de la vigencia de la situación jurídica en que se funda su facultad representativa. Es decir, el padre o la madre sólo podrá representar a su hijo mientras éste esté sujeto a la patria potestad de aquellos. Terminada la patria potestad por cualquiera de las causas previstas en el ordenamiento,([3]) o siendo ésta privada o suspendida por el tribunal,([4]) cesa el poder de representación legal que sobre los hijos ostentan los padres, excepto que el Código expresamente disponga lo contrario. Véase Puig Brutau, *op. cit.*, págs. 274–279.

Una vez emancipados los hijos (excepto cuando tal emancipación es obtenida por concesión de los padres bajo los preceptos del capítulo 109 del Código Civil, 31 L.P.R.A. secs. 911–916) éstos advienen en capacidad de representar sus propios intereses ante los tribunales, no pudiéndolo hacer sus padres. Arts. 240, 246 y 247 del Código Civil, 31 L.P.R.A. secs. 932, 955 y 971; *Álvarez Barbosa v. Aponte*

---

([2]) Por ejemplo, el Art. 159 del Código Civil, 31 L.P.R.A. sec. 616, regula la capacidad de los padres para enajenar o gravar los bienes de sus hijos. Así también el Art. 160 del Código Civil, 31 L.P.R.A. sec. 617, limita el poder representativo de los padres en caso de existir conflicto de intereses con sus hijos.

([3]) "La patria potestad se acaba:
"(1)Por la muerte de los padres o del hijo.
"(2)Por la emancipación.
"(3)Por la adopción del hijo—Código Civil, 1930, art. 163." 31 L.P.R.A. sec. 631.

([4]) Arts. 165 y 166 del Código Civil, 31 L.P.R.A. secs. 633 y 634.

*Rivera*, 83 D.P.R. 617 (1961); *Vázquez Prada v. Santos*, 49 D.P.R. 308 (1935); *Key Nieves v. Oyola Nieves*, supra.

Específicamente en cuanto a la emancipación por mayoridad, el Código Civil establece que el emancipado será "capaz para todos los actos de la vida civil, salvo las excepciones establecidas en casos especiales ...". 31 L.P.R.A. sec. 971. En consonancia con lo anterior, hemos resuelto que las actuaciones de un abogado en un procedimiento hipotecario no afectaban a un demandante mayor de edad cuando para la fecha en que su madre contrató el abogado, el hijo era mayor de edad y tenía derecho a actuar por sí mismo y a designar su propio abogado. "La madre no tenía autoridad para actuar por él. La representación que esta confiriera a su abogado sobre la base de la minoridad de su hijo, resulta ineficaz siendo el hijo, como era, mayor de edad en aquel entonces." *Vázquez Prada v. Santos*, supra, págs. 315–316.

■ En Puerto Rico no existe la posibilidad de patria potestad extendida tras la mayoridad. Adviértase que aun en los "casos especiales" a que hace referencia el citado Artículo 247, como es el caso de hijos incapaces por demencia o ebriedad, por ejemplo, al advenir éstos a la mayor edad se extingue ipso facto la patria potestad de los padres sobre aquéllos; quedando tales incapaces sujetos a tutela, a regirse conforme las disposiciones de la parte IX del Código Civil, 31 L.P.R.A. sec. 661 y ss. De forma distinta es en España donde, luego de la extensa reforma de la que fue objeto el Código Civil en la pasada década, hoy existe la posibilidad de que los progenitores extiendan su poder de *patria potestas* en casos de hijos mayores incapaces. Uribe Sorribes, *supra*, págs. 259–260; Puig Brutau, *op. cit.*, pág. 278.

Terminada la patria potestad sobre sus hijos, la demandante carecía de la capacidad para representarlos en el ejercicio de la acción de cobro de pensiones alimentarias alegadamente no satisfechas.

## III

¿Procede la desestimación de la acción instada por la recurrida ante los pronunciamientos anteriores? Veamos.

La Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

Regla 15.1. Parte interesada

Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. *No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo, o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho.* (Énfasis suplido.)

■ Como norma general, los tribunales no deben adjudicar innecesariamente los derechos de terceros que no tienen interés en plantearlos o que los disfrutarán suceda lo que suceda en el pleito, ya que son tales terceros los que usualmente pueden argumentar sus propios derechos de la forma más eficaz. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, pág. 84.

■ Ahora bien, el mero hecho de que el reclamante no sea la persona que por ley tiene la capacidad de exigir el derecho que se reclama no significa que la acción incoada deba ser inmediatamente desestimada. Para todos los efectos legales, la acción tendrá el mismo efecto que si el pleito se hubiese incoado por la persona legalmente capacitada para hacerlo, si tal persona con capacidad, concedido un término razonable por el tribunal, se une al pleito o se

sustituye en lugar del promovente original. 32 L.P.R.A. Ap. III, R. 15.1.

■ Es deber del tribunal permitir y promover la incorporación al pleito de las partes realmente interesadas con el propósito de verificar la existencia de una controversia real que exige un remedio por parte de los tribunales.

■ Por su parte, la Regla 1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), dispone que ese cuerpo de reglas se interpretará de modo que garantice una solución justa, rápida y económica de todo procedimiento. La economía procesal también aconseja el curso decisorio que aquí tomamos.

■ En el caso ante nos eran los alimentistas (los hijos) las partes a quienes por ley correspondía el derecho reclamado. Habiendo alcanzado la mayor edad, éstos tenían plena capacidad jurídica para exigirlo a nombre propio. La acción de la madre para promover la acción que nos ocupa debió entonces sujetarse a la oportuna intervención o sustitución por parte de los alimentistas y así evitar la adjudicación de derechos correspondientes a partes sin interés en ejercitar los mismos.[5] Erró el tribunal de instancia al dictar la sentencia recurrida.

Lo anterior, no obstante, no impide el que la recurrida, al amparo de las disposiciones del Art. 1112 del Código Civil, 31 L.P.R.A. sec. 3162, logre demostrar mediante prueba preponderante la existencia de una deuda por parte del recurrente *para con su persona*. En tal caso "sólo

---

[5] *Nótese que por lo menos dos (2) de los alimentistas demostraron no tener interés en la reclamación interpuesta al manifestarse expresamente a favor del recurrente. El primogénito Agustín compareció a pleito a favor del recurrente* y Gustavo prestó declaración jurada (Affidávit Núm. 1136 de 27 de marzo de 1992 ante el notario público Hiram Cerezo Suárez) *a los efectos de acreditar que recibió ciertos desembolsos por parte del recurrente* y de su disposición de comparecer a juicio, de lo que se vio privado por razones de desperfectos mecánicos en su automóvil.

podrá repetir del deudor aquello en que le hubiere sido útil el pago". Íd.

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón y los Jueces Asociados Señores Hernández Denton y Fuster Berlingeri concurrieron con el resultado sin opinión escrita.