Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| KARELYS NICOLE UMPIERRE QUIÑONES<br><br>Apelada<br><br>V.<br><br>ALBERTO FELIPE ORTIZ DÍAZ<br><br>Apelante | KLAN202500051 | *Apelación* acogida como ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón, Familia y Menores<br><br>Caso Núm.: BY2022RF00162 (4003)<br><br>Sobre: Divorcio Ruptura Irreparable |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de febrero de 2025.

El 17 de enero de 2025, compareció ante este Tribunal de Apelaciones, el señor Alberto Felipe Ortiz Díaz (en adelante, parte peticionaria o señor Ortiz Díaz), por medio de *Apelación*[1]. Mediante su recurso, nos solicita que revisemos la *Orden* emitida el 17 de diciembre de 2024 y notificada el 18 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Por los fundamentos que adelante se exponen, se *deniega* el recurso incoado.

**I**

El caso que nos ocupa tiene su génesis en una *Demanda* sobre Divorcio por Ruptura Irreparable presentada el 3 de febrero de 2022, por la señora Karelys Nicole Umpierre Quiñones (en adelante denominada como parte recurrida o señora Umpierre Quiñones) en

---

[1] Se acoge el recurso como un *Certiorari,* por ser lo procedente en Derecho. No obstante, por economía procesal, se mantiene inalterada su identificación alfanumérica.

Número Identificador

RES2025 _____

contra del señor Ortiz Díaz, en el que se estableció, que se radicó una solicitud de alimentos recíprocos en la Administración para el Sustento de Menores (en adelante ASUME) con el número de referencia 0599085, a beneficio del menor L.M.O.U.

En apretada síntesis, el señor Ortiz Díaz y la señora Umpierre Quiñones son los progenitores del menor quien nació el 30 de mayo de 2020 en Pensacola, Florida.

Conforme se alega en el recurso ante nuestra consideración, el 17 de diciembre de 2024, el peticionario presentó ante el Tribunal de Primera Instancia, *Moción en Torno a Revisión de Pensión Alimentaria*, en la cual informó que la ASUME emitió una *Resolución de Modificación de Pensión Alimentaria* en la que se le ordena a este, emitir un pago por concepto de pensión alimentaria por la cantidad de $1,408.00 mensuales en beneficio de su hijo menor de edad L.M.O.U.

Ese mismo día, 17 de diciembre de 2024, el foro *a quo* emitió la Orden que se transcribe:

> En virtud de que la pensión alimentaria fue determinada en la ASUME y por razón de que el demandado reside fuera de Puerto Rico, tiene que presentar su solicitud de modificación en la ASUME.

Inconforme con lo resuelto, la parte peticionaria acudió ante este foro revisor mediante el recurso que nos ocupa, en el que esgrimió como único señalamiento de error, que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR PRESENTAR LA SOLICITUD DE MODIFICACIÓN DE PENSIÓN ALIMENTARIA EN ASUME POR EL DEMANDADO RESIDIR FUERA DE PUERTO RICO.

Por no entender necesaria la comparecencia de la parte apelada, prescindimos de esta.[2]

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

---

[3] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente,

cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. Alimentos

En nuestro ordenamiento jurídico, los casos sobre alimentos de menores están revestidos del más alto interés público.  El Tribunal Supremo de Puerto Rico ha manifestado que la obligación alimentaria tiene su fundamento en el derecho constitucional a la vida y en la solidaridad familiar.  Por tanto, nuestro más Alto Foro ha resuelto que, en nuestra jurisdicción, los menores tienen un derecho fundamental a recibir alimentos.  *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022); *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254, 265 (2019); *Fonseca Zayas v. Rodríguez Meléndez*, 180

DPR 623, 632 (2011). Más aún, la Máxima Curia ha reconocido que el derecho a reclamar alimentos constituye parte del derecho a la vida, protegido por la Constitución de Puerto Rico. Artículo II, Sec. 7, Const. ELA, LPRA, Tomo 1. *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009); *Umpierre Matos v. Juelle, Mejías*, supra, pág. 566.

En consonancia con lo anterior, el Art. 590 del Código Civil de Puerto Rico establece que los progenitores tienen sobre el o la menor sujeto a su patria potestad el deber de alimentarlo y proveerle lo necesario para su desarrollo y formación integral. Art. 590 del Código Civil de Puerto Rico, 31 LPRA sec. 7242[4]. El Código Civil define alimentos como "todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia". Art. 653 del Código Civil de Puerto Rico, 31 LPRA sec. 7531[5]. Respecto a cuando el alimentista es menor de edad, el referido artículo expresa que, "los alimentos comprenden también su educación las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales". 31 LPRA sec. 7531. Es por lo que, la pensión se reducirá o aumentará en proporción a los recursos del primero y a las necesidades del segundo. De acuerdo con este principio de proporcionalidad, se tomarán en consideración los recursos del alimentante y la posición social de la familia, así como el estilo de vida que lleva el alimentante. *Fonseca Zayas v. Rodríguez Meléndez,* supra, pág. 634.

Nuestro ordenamiento jurídico dispone que, "el derecho a recibir alimentos es personalísimo, imprescriptible, continuo e

---

[4] Antes Artículo 153 del Código Civil de 1930, 31 LPRA sec. 601.
[5] Antes Art. 142 del Código Civil de 1930, 31 LPRA sec. 561.

indivisible. No puede ser objeto de transacción, renuncia, gravamen o embargo. Tampoco puede compensarse la cantidad adeudada por dicho concepto con la que el alimentista deba al alimentante". Art. 657 del Código Civil de Puerto Rico, 31 LPRA sec. 7535. Por otro lado, nuestra más Alta Curia ha expresado que, la obligación de proveer alimentos es personal de cada uno de los progenitores, consecuentemente, debe ser satisfecha del propio peculio y de manera proporcional a sus recursos y a la necesidad del menor. *Díaz Rodríguez v. García Neris*, supra, pág. 718.

Respecto a quien está legitimado para reclamar judicialmente pensiones alimentarias, el Tribunal Supremo resolvió que mientras los hijos sean menores de edad y no hayan sido emancipados, el progenitor que tenga la patria potestad puede reclamar el pago de pensiones a nombre de los hijos, siempre y cuando no estén prescritas, pues el padre o madre tienen respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho y la acción para solicitar el pago de pensiones alimentarias es una de esas acciones. Sin embargo, una vez termina la patria potestad por cualquiera de las causas contempladas en la ley, esta facultad cesa y el alimentista queda legitimado para reclamar judicialmente la pensión. *Ríos v. Vidal*, 134 DPR 3 (1993).

Tratándose de un derecho de tan alto interés público, el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento. *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 739; *Díaz Rodríguez v. García Neris*, supra, págs. 717-718. Estas leyes son la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada por la Ley 178–2003, 8 LPRA sec. 501 *et seq.* y las *Guías Mandatorias para Computar las Pensiones Alimentarias en*

*Puerto Rico*[6], Reglamento Núm. 8529 del 30 de octubre de 2014, según enmendado (Guías).

Particularmente, el Artículo 8 de la Ley para el Sustento de Menores, *supra*, 8 LPRA, sec. 507, dispone en lo pertinente, lo siguiente:

§ 507. Jurisdicción concurrente

(1) Al iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, **se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria.** No obstante, aun cuando la orden de pensión alimentaria haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente sobre:

(a)   Iniciar la retención de ingreso;
(b)   variar el receptor del pago;
(c)   ordenar cubierta de seguro médico;
(d)   ordenar pagos para abonar a deudas, en adición a   la pensión corriente;
(e)   modificar, revisar la pensión corriente a tenor con el Plan de Revisión y Modificación de Obligaciones Alimentarias;
(f)   hacer cumplir la orden de pensión alimentaria, excepto el imponer órdenes de desacato;
(g)   cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria.
(Énfasis suplido)

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Como esbozamos previamente, en su único señalamiento de error, la parte peticionaria nos plantea que, incidió el Tribunal de Primera Instancia al ordenar presentar la solicitud de modificación de pensión alimentaria en asume por el demandado residir fuera de Puerto Rico.  En otras palabras, nos invita a que revoquemos el dictamen del 17 de diciembre de 2024, mediante el cual el foro *a quo* determinó, en esencia, que habida cuenta de que la pensión

---

[6] Cabe destacar que, el 15 de febrero de 2024 fueron aprobadas las nuevas *Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico*, no obstante, dado a que la controversia de epígrafe tomó lugar previo a su aprobación, son aplicables las de 2014.

alimentaria fue determinada en la ASUME y por razón de que el demandado reside fuera de Puerto Rico, tiene que presentar su solicitud de modificación en la ASUME. No le asiste la razón.

Tal y como se desprende del derecho previamente esbozado, el Artículo 8 de la Ley para el Sustento de Menores, *supra*, 8 LPRA, sec. 507, dispone en lo pertinente lo siguiente:

§ 507. Jurisdicción concurrente

(1) Al iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, **se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria.** No obstante, aun cuando la orden de pensión alimentaria haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente sobre:

(a)   Iniciar la retención de ingreso;
(b)   variar el receptor del pago;
(c)   ordenar cubierta de seguro médico;
(d)   ordenar pagos para abonar a deudas, en adición a   la pensión corriente;
(e)   modificar, revisar la pensión corriente a tenor con el Plan de Revisión y Modificación de Obligaciones Alimentarias;
(f)   hacer cumplir la orden de pensión alimentaria, excepto el imponer órdenes de desacato;
(g)   cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria.
(Énfasis suplido)

Por consiguiente, evaluado el recurso presentado por la parte peticionaria colegimos que no procede la expedición del auto solicitado.

**IV**

Por los fundamentos antes expuestos, se *deniega* el recurso.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones