EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Unión General de Trabajadores<br><br>Recurrida<br><br>vs.<br><br>Hospital Inter-americano de Medicina Avanzada<br><br>Peticionario | Certiorari<br><br>2008 TSPR 104<br><br>174 DPR \_\_\_\_ |

Número del Caso: CC-2007-813

Fecha: 4 de junio de 2008

Tribunal de Apelaciones:

        Región Judicial de San Juan, Panel III

Panel integrado por su Presidenta, la Juez Bajandas Vélez, el Juez Aponte Hernández y el Juez Morales Rodríguez

Abogado de la Parte Peticionaria:

        Lcdo. Jaime L. Sanabria Montañez

Abogados de la Parte Recurrida:

        Lcdo. Andrés Montañez Coss
        Lcdo. Edwin Rivera Cintrón

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Unión General de Trabajadores

    Recurrida

       vs.                            CC-2007-813     *CERTIORARI*

Hospital Inter-americano de
Medicina Avanzada

    Peticionario


SENTENCIA

San Juan, Puerto Rico, a 4 de junio de 2008

Por estar igualmente dividido el Tribunal, se confirma la sentencia emitida por el Tribunal de Apelaciones en el presente caso. Mediante dicha sentencia el foro apelativo, no obstante resolver que la demandante Unión General de Trabajadores no tiene legitimación activa para instar la reclamación de salarios en representación de sus miembros, determinó que resultaba procedente conceder un término de treinta días a dicha parte para unir al pleito a los empleados unionados; ello a tenor con las disposiciones de la Regla 15.1 de Procedimiento Civil. A tono con lo anteriormente expresado, se expide el auto de *certiorari* radicado y se dicta Sentencia

confirmatoria de la emitida en el caso por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Rebollo López emitió Opinión de Conformidad a la cual se unió la Juez Asociada señora Fiol Matta. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez disintieron sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


                                Dimarie Alicea Lozada
                    Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Unión General de Trabajadores

    Recurrida

       vs.                 CC-2007-813     *CERTIORARI*

Hospital Inter-americano de
Medicina Avanzada

    Peticionario


OPINIÓN DE CONFORMIDAD EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ, A LA CUAL SE UNE LA JUEZA ASOCIADA SEÑORA FIOL MATTA

San Juan, Puerto Rico, a 4 de junio de 2008

El 10 de agosto de 2006, la Unión General de Trabajadores presentó una demanda contra el Centro Médico del Turabo, Inc. h/n/c Hospital HIMA San Pablo Caguas, sobre reclamación de salarios al amparo de la Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. sec. 250 *et seq*., y de la Ley Núm. 27 de 20 de julio de 2005, ante el Tribunal de Primera Instancia, Sala Superior de San Juan. En dicha demanda, la UGT alegó que el HIMA no le estaba pagando a las enfermeras y enfermeros a quienes representa, el pago mínimo según dispone la Ley Núm. 27, ante, y en contravención a la Ley Núm. 180, ante.

El HIMA presentó una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en la cual alegó que la UGT no tenía legitimación activa para reclamar salarios retroactivos de sus miembros. Según el HIMA, sólo los enfermeros y enfermeras, en su capacidad individual, o el Secretario del Trabajo y de Recurso Humanos tienen legitimación para incoar una reclamación de esta naturaleza.

La UGT se opuso a dicha moción y alegó que tenía legitimación activa para instar la reclamación por ser la organización sindical certificada como representante exclusiva de los empleados. Además, solicitó del tribunal que conforme la Regla 17.1 de Procedimiento Civil, ante, permitiese la acumulación del personal de enfermería para que formaran parte de la demanda.

Por su parte, el HIMA se opuso a los planteamientos de la UGT. Nuevamente argumentó que la controversia no era sobre el convenio colectivo y, por lo tanto, la UGT tenía que demostrar que cumplía con los tres requisitos para que una asociación posea legitimación activa. Según HIMA, como la UGT no cumple con, por lo menos, uno de dichos requisitos, y aun cuando ésta tiene legitimación activa para vindicar incumplimientos del convenio colectivo por parte de HIMA, no así para solicitar remedios bajo la Ley Núm. 180, ante, y la Ley Núm. 27, ante. Además, HIMA sostuvo que la UGT no puede invocar la Regla 17.1 de Procedimiento Civil, ante, porque dicha Regla contempla la

acumulación de una reclamación instada por una parte en el pleito y no la acumulación ordenada por el tribunal contra terceras partes ajenas al pleito.

El 19 de diciembre de 2006, el Tribunal de Primera Instancia emitió una sentencia en la cual determinó que la UGT carecía de legitimación activa para instar la reclamación sobre salarios dejados de recibir por sus miembros ya que no cumplía con el tercer requisito para que una asociación posea legitimación activa para reclamar a nombre de sus miembros. Además, resolvió que ninguna de las dos leyes invocadas faculta a una unión sindical a presentar una reclamación de salarios a nombre de sus miembros.

Luego de que el foro de instancia denegara una solicitud de reconsideración de la UGT, ésta acudió ante el Tribunal de Apelaciones. Tras ambas partes plantear, esencialmente, los mismos argumentos, el 30 de abril de 2007 el foro apelativo intermedio confirmó la decisión del tribunal de instancia. Inconforme, la UGT solicitó la reconsideración de la sentencia. El 29 de junio de 2007, el Tribunal de Apelaciones emitió una sentencia enmendada en reconsideración. Aunque en dicha sentencia el foro intermedio apelativo reiteró que la UGT no poseía legitimación activa para instar la reclamación de salarios a nombre de sus miembros, concedió un término de treinta días para que la UGT uniera al pleito, o sustituyera en su lugar, a los empleados unionados a tenor con la Regla 15.1

de Procedimiento Civil y la jurisprudencia interpretativa de dicha Regla.

Inconforme, el HIMA acudió ante este Tribunal, vía *certiorari*, aduciendo que el Tribunal de Apelaciones erró al dejar sin efecto la desestimación de la demanda y concederle un plazo de treinta días a la UGT para que sustituyera en su lugar a los enfermeros, a pesar de resolver que la unión no tenía legitimación activa para radicar originalmente la demanda. El 30 de noviembre de 2007, emitimos una Resolución en la cual le concedimos veinte días a la UGT para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia emitida en este caso por el Tribunal de Apelaciones. Hoy, y por estar igualmente dividido el Tribunal, se <u>confirma</u> la sentencia emitida por el Tribunal de Apelaciones. Suscribimos la posición del foro apelativo intermedio; veamos por qué.

I

Es norma reiterada que, como regla general, para que una parte posea legitimación activa para demandar es necesario demostrar que: 1) el daño sufrido es claro y palpable; 2) el daño es real, inmediato y preciso, no abstracto e hipotético; 3) existe relación causal entre el daño sufrido y la causa de acción ejercitada y 4) la causa de acción surge bajo el palio de la Constitución o de una ley. <u>Hernández Torres</u> v. <u>Gobernador</u>, 129 D.P.R. 824

(1992); <u>Solís</u> v. <u>Municipio de Caguas</u>, 120 D.P.R. 53 (1987).

Debe señalarse que le hemos reconocido legitimación activa a las asociaciones para demandar a nombre propio. Ahora bien, y en lo pertinente al caso hoy ante nuestra consideración, hemos resuelto que una asociación puede presentar una acción a nombre de sus miembros <u>siempre y cuando demuestre que</u>: 1) los miembros de la organización tendrían legitimación activa para demandar a nombre propio; 2) los intereses que se pretenden proteger están relacionados con los objetivos de la organización y 3) <u>la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito</u>. Véase: <u>Col. de Ópticos de P.R.</u> v. <u>Vani Visual Center</u>, 124 D.P.R. 559 (1989).[1]

En cuanto a la causa de acción que puede ser reclamada por un obrero bajo las disposiciones de la Ley Núm. 180, ante, sobre salario mínimo, dicha Ley dispone que:

> Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en esta Ley o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación

---

[1] Las asociaciones no incorporadas no son entidades distintas y separadas de los miembros que la componen. Es por ello que dichas asociaciones no tienen personalidad jurídica propia y, por ende, no pueden demandar o ser demandadas sin que se particularice e individualice, expresando los miembros que la componen. <u>Asoc. de Res. Est. Cidra</u> v. <u>Future Developers and Contractors, Inc.</u>, 152 D.P.R. 54 (2000).

que le corresponda, por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional, además de los costos, gastos, intereses y honorarios de abogados del procedimiento, sin que para nada de ello obste pacto en contrario.

Debe destacarse que, conforme dispone dicha Ley, el único que, además del empleado afectado, posee legitimación activa para reclamar bajo esta Ley es el Secretario del Trabajo y Recursos Humanos. Éste no sólo puede demandar a iniciativa propia, sino que puede demandar en representación y para beneficio de uno o más empleados con interés en el asunto. 29 L.P.R.A. sec. 250i(d).

La Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece, como norma general, que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama. El concepto de 'parte realmente interesada' significa la persona que posee el derecho que se pretende poner en vigor. Asoc. de Res. Est. Cidra v. Future Developers and Contractors, Inc., ante.

Procede que se enfatice que, no obstante lo antes expuesto, la referida Regla establece una excepción a esta norma general. Dispone, en lo pertinente, que:

> [n]o se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un término razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo o se sustituya en lugar del promovente y tal ratificación, unión o

sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho. Véase Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3 (1993). (Énfasis suplido.)

De existir la posibilidad que ello ocurra, luego de que se plantee debidamente una objeción sobre el hecho de que la parte promovente no es la que en realidad posee el derecho para reclamar, se permite que, mediante enmienda, se ratifique o se sustituya al titular del derecho. Dicha enmienda, entonces, se retrotrae al inicio del pleito, aun si el término prescriptivo ya hubiese vencido al momento de presentarse la enmienda.

Esta disposición es cónsona con la política pública que consistentemente hemos adoptado de liberalidad en la interpretación y aplicación de las reglas y normas procesales a favor de que los casos se diluciden y resuelvan en los méritos. Cabe recordar que el propósito de esta excepción es evitar la pérdida de un derecho y la comisión de una injusticia. Véase Allende Pérez v. García, 150 D.P.R. 892 (2000); Martínez v. Soc. de Gananciales, 145 D.P.R. 93 (1998).

II

En el caso ante nuestra consideración, la UGT presentó una demanda a nombre de sus miembros contra el HIMA para reclamar salarios dejados de devengar por éstos. El HIMA planteó que procede la desestimación de la demanda puesto que UGT no tiene legitimación activa para reclamar

a nombre de sus miembros. Como vimos, el Tribunal de Primera Instancia resolvió que la UGT no tenía legitimación activa para instar la referida demanda y desestimó la misma.

Posteriormente, el Tribunal de Apelaciones, mediante sentencia enmendada, y a pesar de reiterar que la UGT no poseía legitimación activa para reclamar los salarios dejados de devengar de sus miembros, concedió treinta días para que, a tenor con la Regla 15.1 de Procedimiento Civil, ante, el HIMA uniera al pleito o sustituyera en su lugar a los empleados unionados realmente legitimados.

### III

No hay duda de que la UGT <u>no posee legitimación activa para instar el pleito ante nuestra consideración</u>. Como señaláramos anteriormente, una causa de acción bajo la Ley Núm. 180, ante, sólo puede instarse por el empleado afectado o por el Secretario del Trabajo y Recursos Humanos. Por lo tanto, la UGT no tiene legitimación activa para presentar una acción bajo la Ley Núm. 180. En el caso hoy ante nuestra consideración, únicamente los enfermeros y enfermeras alegadamente afectados y el Secretario del Trabajo, pueden reclamar los derechos según la referida Ley.

<u>Por otro lado</u>, si fuéramos a aplicarle a la UGT los requisitos de legitimación activa para las asociaciones que radican un pleito a nombre de sus miembros, <u>el</u>

resultado sería el mismo ya que la UGT tendría que cumplir con los siguientes requisitos: 1) que los miembros de la organización tengan legitimación activa para demandar a nombre propio; 2) que los intereses que se pretenden proteger están relacionados con los objetivos de la organización y 3) que la reclamación y el remedio solicitado no requieran la participación individual de los miembros en el pleito.

Evidentemente, la UGT cumple con los primeros dos requisitos, pues ciertamente los enfermeros y enfermeras en este caso pueden reclamar los salarios dejados de devengar individualmente y dicha reclamación está relacionada con los objetivos del convenio colectivo. Ello no obstante, la UGT no cumple con el tercer requisito para tener legitimación activa y poder así reclamar a nombre de sus miembros en este caso. Ello en vista del hecho de que en una reclamación de esta naturaleza se requiere que cada empleado particularice sus daños, es decir, tiene que probar que no devengó el salario mínimo dispuesto en la Ley. De otra manera, no se podría adjudicar una controversia de esta índole.

IV

Ahora bien, ¿procede que en el presente caso, bajo la Regla 15.1 de Procedimiento Civil, se le provea un término a la parte realmente legitimada para que se una o se sustituya en el pleito? En el pasado así lo hemos

resuelto. Veamos. La primera vez que aplicamos la excepción provista en la Regla 15.1 fue en Ríos Rosario v. Vidal Ramos, ante, a raíz de lo resuelto previamente en Key Nieves v. Oyola Nieves, 116 D.P.R. 261 (1985). En Ríos Rosario nos enfrentamos a una reclamación de pago de pensión alimentaria, dentro de un pleito original de divorcio, presentada por la madre luego de los hijos advenir a la mayoría de edad. En esa ocasión, aclaramos que la madre había perdido la patria potestad sobre sus hijos y, por ende, no poseía legitimación activa para reclamar a nombre de éstos. Por dicha razón le correspondía a los hijos mayores de edad reclamar sus alimentos ya que eran los que en ley poseían el derecho para hacerlo. Ello no obstante, sostuvimos que la acción de la madre debió sujetarse a la oportuna intervención o sustitución por parte de los alimentistas y así evitar la adjudicación de derechos correspondientes a partes sin interés en adjudicar los mismos.

En Allende Pérez v. García, 150 D.P.R. 892 (2000), tuvimos que determinar si una persona tiene legitimación activa para presentar una causa de acción por violación a sus derechos civiles y discrimen, luego de haberse acogido a un procedimiento de quiebra ante el Tribunal de Quiebras de Estados Unidos bajo el Capítulo 7 de dicha ley federal. En aquella ocasión sostuvimos que una causa de acción por discrimen en el empleo, que existía al momento de acogerse el deudor al procedimiento de quiebras, forma parte del

caudal en quiebra y quien posee legitimación activa para presentar dicha acción es el síndico que administra el referido caudal, no el deudor. Ahora bien, determinamos que, como de los autos no surgía cuándo el deudor advino en conocimiento que su despido fue discriminatorio, resultaba procedente devolver el caso al tribunal de instancia para que éste determinara en qué momento surgió la causa de acción. A tenor con la Regla 15.1 de Procedimiento Civil, dispusimos que si dicho foro determinaba que la causa de acción surgió antes del deudor acogerse al procedimiento de quiebra, procedía se concediera un término para que éste acudiera a la Corte de Quiebra y solicitara la reapertura del caso para que el síndico determinara si le interesaba proseguir con la acción, en cuyo caso se ordenaría la sustitución de la parte.

Somos del criterio que igual curso de acción resulta procedente en el presente caso. De entrada, debe recordarse que "las reclamaciones de salarios están revestidas del más alto interés público debido a la importancia que el pago de éstos acarrea para la subsistencia de los obreros y sus dependientes". Rodríguez Rosado v. Syntex, Inc., 160 D.P.R. 364 (2003).[2] Por otro lado, y como se expresara anteriormente, la excepción contenida en la Regla 15.1 de Procedimiento Civil tiene el

---

[2] En Arce Bucetta v. Motorola Electrónica, res. el 9 de abril de 2008, 2008 T.S.P.R. 59, revocamos parcialmente la decisión emitida en Syntex, ante, en cuanto a otro aspecto.

propósito de evitar la pérdida de un derecho y la comisión de una injusticia, situación que podría estar presente en el caso de autos. En vista de todo lo anteriormente expresado, entendemos que actuó correctamente el Tribunal de Apelaciones al determinar que lo procedente es concederle un término razonable a la parte querellante para que se sustituya, en su lugar, a los empleados unionados, ello a tenor con las disposiciones de la Regla 15.1 de Procedimiento Civil y la jurisprudencia interpretativa de la dicha Regla.

Ahora bien, debe quedar claro que la posición que adoptamos no constituye "carta blanca" para que las asociaciones o las uniones obreras continúen radicando indiscriminadamente reclamaciones de salarios, con el propósito de interrumpir términos prescriptivos, para luego efectuar una sustitución de partes. Aun cuando, reiteradamente, hemos sostenido que las Reglas de Procedimiento Civil se deben interpretar de la forma más flexible, evitando tecnicismos, tampoco podemos abrir la puerta para que cada acción presentada por una parte, sin derecho para ello, se pueda ratificar posteriormente en claro menosprecio de nuestra normas procesales.

Hay que tener en cuenta que la ratificación automática de pleitos instados por quienes no poseen el derecho a hacerlo, pueden tener efectos y consecuencias nocivas sobre las partes contra quienes se reclama, las cuales también venimos obligados a proteger. Dicho de otra

manera, en situaciones en que no está en riesgo la pérdida de un derecho o la comisión de una injusticia y/o la parte con legitimación está hábil para presentar la acción, utilizar de forma indiscriminada la excepción contenida en la antes citada Regla 15.1, menoscaba innecesariamente la figura de la legitimación activa en nuestro ordenamiento jurídico y, del mismo modo, la figura de la prescripción, lo cual tenemos el deber de desalentar.[3]

Ello no obstante, y por los fundamentos anteriormente expuestos, somos del criterio que en el presente caso procede <u>confirmar</u> la sentencia emitida por el Tribunal de Apelaciones.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[3] La determinación que el tribunal de instancia haga al respecto, dependerá de un análisis de las circunstancias particulares de cada caso.