*736 TEXTO COMPLETO DE LA SENTENCIA
Rosalía Rodríguez Orsini (peticionaria) solicita la expedición de recurso de certiorari y la revisión de la resolución emitida por el Tribunal de Primera Instancia el 13 de junio de 2008, notificada a las partes el 16 de junio del mismo año. Mediante dicha resolución, el foro recurrido concedió un crédito a favor de la peticionaria, menor al solicitado por ésta por concepto de los gastos de manutención de los hijos de las partes.
El recurrido compareció ante este Tribunal por medio de su escrito en oposición. Habiendo comparecido ambas partes, el caso quedó sometido para adjudicación. Examinado el recurso y el derecho aplicable, procedemos a resolver.
I
Las partes se divorciaron por consentimiento mutuo, en virtud de sentencia dictada en diciembre de 1994 y notificada en enero de 1995. Como parte de la sentencia se adoptaron los acuerdos de las partes contenidos en la petición de divorcio. Asimismo, se incluyó a mano, una aclaración en torno a lo acordado en relación a la pensión alimentaria de los menores habidos en el matrimonio, que dispuso lo siguiente:
“El co-peticionario, Joaquín Rodríguez-Ema Travieso, continuará cubriendo los gastos de los menores como lo ha estado haciendo hasta el presente. Ello incluye vivienda (contribuciones), ropa, alimentos, educación, plan médico y cualquiera otro necesario para los menores. ” (Enfasis nuestro).
El recurrido no solicitó que le impusieran un pago fijo para satisfacer la pensión de sus dos hijos. Por el contrario, consintió en hacerse cargo de la totalidad de los gastos atribuibles a los hijos del matrimonio, menores de edad para ese entonces, Luis Alfonso y Manuel Antonio. Los menores tenían a esa fecha 14 y 12 años de edad, respectivamente, y cursaban el noveno y séptimo grado en el Colegio San Ignacio.
En diciembre de 1999, la peticionaria compareció por derecho propio ante el Tribunal de Primera Instancia, alegando que el recurrido había incumplido con la estipulación antes citada, por ésta haber tenido que asumir los pagos relativos a los menores. Así las cosas, solicitó que le fueran rembolsados. En la vista celebrada en junio de 2000, las partes acordaron una pensión provisional para los dos hijos de $1,500.00 mensuales, de los cuales la recurrente remitiría la cantidad de $300.00 mensuales al hijo Luis Alfonso y $253.91 a la compañía que financiaba la cuota de matrícula de la universidad en la que estudiaba el joven.
Durante la tramitación del pleito, se aprobó la Ley Núm. 289 del 1 de septiembre de 2000, conocida como Declaración de derecho y deberes de la persona mayor de edad, su padre, madre o tutor. Al amparo de esta Ley, los hijos de las partes advinieron a la mayoría de edad. Seguido, el foro de instancia determinó que ambos hijos estaban emancipados en virtud de la Ley Núm. 289, supra, por lo que relevaba al recurrido de la pensión alimentaria, efectivo el 1 de diciembre de 2000.
Hecha dicha determinación, el foro primario decretó que los hijos -quienes se mantenían estudiando-, *737 podían requerirle a cualquiera de sus padres, conforme a sus necesidades y la capacidad económica de éstos, el pago de los gastos de su educación. Asimismo, dispuso que los hijos venían obligados a comparecer ante el tribunal, en su carácter personal, para solicitar sus propios alimentos.
No obstante, quedó pendiente la solicitud de reembolso presentada por la peticionaria. Posteriormente, y a solicitud de los hijos, quienes solicitaron intervención en el pleito, el foro recurrido le ordenó al padre continuar pagando una pensión alimentaria a cada hijo a razón de $750 mensuales.
Considerados los asuntos ante sí, mediante resolución y orden dictada el 27 de septiembre de 2000, el tribunal primario delimitó las controversias del pleito. Estableció que una de ellas, que aquí nos ocupa, era el reclamo de la peticionaria contra el recurrido para que éste le reembolsara el monto total de los gastos relacionados al cuidado de los menores, que la peticionaria había pagado, cuando en realidad tocaba al recurrido costear.
En agosto de 2005, la parte peticionaria presentó en una vista evidenciaría ante el Tribunal de Primera Instancia una tabla de gastos de ella y de sus hijos para los años 1995 al 2000. En virtud de la prueba recibida, el foro recurrido dictó la resolución recurrida, en la que dispuso de la controversia en torno al reclamo de reembolso que había formulado la peticionaria contra el recurrido.
En la resolución, el foro primario evaluó las diversas partidas de gastos por cuyo concepto la peticionaria reclamó reembolso. De los gastos esbozados en la tabla de gastos sometida por la peticionaria, el tribunal reconoció como gastos del hogar en los que participaban los menores, y por tanto reembolsables, los siguientes: contribuciones sobre la propiedad; agua; energía eléctrica; teléfono; comida; piscina; jardín; mantenimiento del hogar; ropa; y zapatos.
La partida dé libros y gastos de universidad, que incluye pagos a los préstamos estudiantiles y financiamiento de matrícula, fueron consideradas separadamente por el foro de instancia. La recurrente reconoció ante el foro de instancia, que los gastos aportados por ésta durante los años 1995-2000 ascendían a $131,936.75. Señaló que su crédito ascendía a esa misma cantidad, por entender que esos pagos eran obligación del recurrido en su totalidad.
El tribunal reconoció que las partes habían estipulado que el recurrido, en su momento, pagó directamente a la peticionaria custodia de los menores entre el 1995 al 2000 las siguientes cantidades: para el 1995-$34,475.00; para el 1996- $30,356.00; para el 1997- $27,359.75; para el 1998- $15,540.00; para el 1999-$13,006.00; y para el 2000- $11,200.00. Dichas cantidades totalizan $131,936.75. De igual forma se estipuló que las contribuciones sobre la propiedad donde residían los menores fueron satisfechas por la peticionaria, durante los años 1994 al 1996 por el monto de $9,573.62; y durante los años 1997-2001 por el total de $23,491.12. Del último total, la cantidad de $1,151.00 corresponden al pago del semestre de enero a junio de 2001, fecha en que el recurrido había sido liberado de la pensión. Por lo tanto, el foro recurrido estableció que el pago a considerar era el de $22,340.12.
Luego de haber realizado un análisis sobre los gastos pagados por el recurrido, el foro de instancia determinó que “habiendo aportado la madre $131,936.75 y siendo la obligación determinada $90,961.46, nada adeuda el señor Rodríguez-Ema a la señora Rodríguez Orsini. Queda una diferencia de $40,975.29 a favor de la señora Rodríguez Orsini que cubre cualquier partida que hayamos omitido dentro de las no consideradas ”.
Los totales antes mencionados se descontaron de los gastos reclamamos la parte peticionaria. El fundamento para ello fue que la pensión que el Tribunal de Primera Instancia impuso al recurrido era únicamente a favor de los hijos del matrimonio. Por lo tanto, de los gastos comunes del hogar, determinó deducir la cantidad imputable a la recurrente, y conforme al número de hijos que residía en la vivienda, ya que *738 durante esos años los hijos comenzaron sus estudios universitarios, y abandonaron el hogar.
En vista de que la reclamante no pudo explicar el destino que dio a ciertos egresos, el foro recurrido no consideró los siguientes gastos reclamados: retiros de la cuenta bancaria o cambio de cheques a efectivo; cantidades reclamadas por pagos a tarjetas de crédito; cargos del banco que se refieren al manejo de cierta cuenta bancaria y el alquiler de una caja de seguridad; partidas de carro, laundry, periódicos, hobbies, entretenimiento, regalos y farmacia; gastos misceláneos; y gastos personales de la recurrente, correspondientes a sus estudios y profesión.
Inconforme con la actuación del foro de instancia de eliminar ciertos gastos del total que reclamó del recurrido, la peticionaria acude ante nos mediante recurso de certiorari. En éste, sostuvo que erró el foro de instancia al no considerar como gastos necesario, de los menores, los gastos de tarjeta de crédito, retiros en efectivo, recargos bancarios, automóvil, laundry, periódicos, entretenimiento, regalos y farmacia; al determinar que para el mes de enero de 2001, al recurrido se le había relevado del pago de la pensión alimentaria; al reconocer un crédito a favor del alimentante sobre las bases de una pensión alimenticia provisional; y al no adjudicar al recurrido los préstamos que tuvo que tomar la peticionaria para sufragar parte de los gastos de su hijo Luis A. Rodríguez - Emma Rodríguez por sus estudios en Fordham University.
Respecto a este último error, nos indica la peticionaria que el préstamo estudiantil de su hijo es de $10,000.00 y que todos los meses se le descuenta, directamente de su salario, una cantidad de dinero para aportar a la deuda de dicho préstamo. Arguye que este préstamo debe ser costeado por el recurrido, pues en la estipulación sobre la pensión alimenticia de los menores, éste se comprometió a pagar todos los gastos de los hijos, lo que incluía los estudios. La peticionaria nos solicita que ordenemos al recurrido a pagar un crédito a favor de ésta, ascendente a $78,866.00, por los conceptos que el foro de instancia no consideró en su sentencia. De igual forma nos solicita que devolvamos el caso al foro recurrido para que se fije una pensión alimentaria permanente y retroactiva al 9 de junio de 2000, y que ordenemos al recurrido a pagar el préstamo estudiantil antes mencionado.

A. Estipulaciones sobre alimentos de menores

Las estipulaciones que finalizan un pleito, suscritas por las partes y aceptadas por el tribunal, constituyen un contrato de transacción. Como norma general, el juez que preside el proceso acepta los convenios a los que las partes lleguen y ello tendrá el efecto de cosa juzgada. Sin embargo, en los casos de divorcio por consentimiento mutuo, una estipulación presentada ante el tribunal no queda al exclusivo arbitrio de las partes, ni constituyen cosa juzgada. Éstas siempre estarán sujetas a revisión. McConnell Jiménez v. Palau Grajales, 161 DPR 734 (2004).
Por otro lado, el tribunal tiene el deber de velar porque la estipulación confiera protección a las partes. Esto cobra aún más importancia cuando se trata de pensiones alimentarias de los menores habidos en el matrimonio, en relación con las cuales el juez debe asegurarse que lo acordado es beneficioso a los menores. Id.

B. Derecho de los hijos a recibir alimentos

Por ser el derecho a recibir alimentos del más alto interés público, el Estado ha legislado ampliamente para salvaguardar su cumplimiento. Este derecho que tienen los hijos con respecto a sus padres, no cesa ni se extingue con el divorcio de éstos. Id. El Art. 142 del Código Civil, 31 L.P.R.A. see. 561, define alimentos como "todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad. ”
*739 Aun cuando el Artículo 142 circunscribe este derecho a la minoridad de los hijos, el Tribunal Supremo ha resuelto que ni la emancipación, ni la mayoría de edad de los hijos relevan a los padres de cumplir con su obligación de alimentarlos si éstos lo necesitan y las circunstancias lo justifican. Así las cosas, la obligación de los padres de pagar pensión alimentaria puede extenderse aún después de que el hijo ha cumplido la mayoría de edad si se cumplen las circunstancias expresadas en Key Nieves v. Oyóla Nieves, 116 D.P.R. 261 (1985); Pueblo v. Vázquez Carrasquillo, res. el 20 de junio de 2008,2008 JTS 129.
El Artículo 143 del Código Civil, 31 L.P.R.A. see. 561, impone la obligación entre ciertos parientes de darse alimentos recíprocamente. Este Artículo menciona, como parte de los parientes que tienen esta obligación, a “los ascendientes y descendientes". Se ha dicho que si los hijos permanecen bajo la patria potestad de los padres, el deber de alimentarlos surge del Artículo 153 del Código Civil, 31 L.P.R.A. see. 601. Si por el contrario, se trata de hijos emancipados o casos en los que uno de los progenitores ha perdido la patria potestad por causa de divorcio, la obligación de proveerles alimento emana del artículo 143 del Código Civil, supra. Ahora bien, una vez ocurre cualquiera de las eventualidades mencionadas, para recibir alimentos al amparo de este artículo, el hijo tiene que hallarse en estado de necesidad y los padres en posición económica de darlos. Raúl Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. II EJC (2002), págs. 1440 y 1441.
En Key Oyóla v. Oyóla Nieves, supra, el Tribunal Supremo determinó que el tribunal deberá hacer, caso a caso, la determinación que corresponda, con respecto al pago de alimentos a los hijos mayores de edad que deseen proseguir estudios graduados o post-graduados. También, ha quedado claro que no siempre el padre alimentante viene obligado a pagar la totalidad de los gastos requeridos. Raúl Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. I EJC (1997), pág. 741.
C. Acciones de reembolso, pago por un tercero
En Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3 (1993), al determinar que una madre no tiene legitimación para reclamar las pensiones alimentarias de sus hijos, una vez éstos han alcanzado la mayoridad, el Tribunal Supremo expresó:

“Lo anterior, no obstante, no impide que la recurrida, al amparo de las disposiciones del Artículo 1112 del Código Civil, 31 L.P.R.A. see. 3162, logre probar mediante prueba preponderante la existencia de una deuda del recurrente para con su persona. ”

Posteriormente, en Figueroa Robledo v. Rivera Rosa, 149 D.P.R. 565, 575 (1999), el Alto Foro expresamente dispuso que las antes citadas disposiciones son de aplicación a las reclamaciones pecuniarias aun en aquellos casos en que la obligación o deuda satisfecha por el tercero es una obligación alimentaria con la que el verdadero deudor ha incumplido, J.L. Laeruz Berdejo, La gestión de negocios sin mandato, 51 Rev. Crít. Der. Inmob. 245, 270 (1975). El pago por tercero origina unas consecuencias jurídicas según los distintos supuestos recogidos en nuestro Código Civil. Cuando un tercero paga con conocimiento y aprobación del deudor, ya sea expresa o tácita, o paga porque tiene interés en el cumplimiento de la obligación, el tercero tiene una acción de reembolso contra el deudor, o a su elección, podrá compeler al acreedor a que le subrogue en sus derechos. Figueroa Robledo v. Rivera Rosa, supra, a la pág. 576; Art. 1113 del Código Civil, 31 L.P.R.A. see. 3163; Art. 1164(2) del Código Civil, 31 L.P.R.A. sec. 3248.
Dicha acción es una personal que podrá ejercitarse dentro de los quince (15) años señalados por el Art. 1864 del Código Civil para las acciones personales que no tienen un término especial de prescripción. El término prescriptivo comienza a transcurrir desde el momento que se realizan los pagos. Figueroa Robledo v. Rivera Rosa, supra, a la pág. 578. De este modo, al amparo de las disposiciones del Artículo 1112 del Código Civil, 31 L.P.R.A. see. 3162, el excónyuge que pagó en exceso de lo que le correspondía pagar, tiene el derecho *740 a recibir un reembolso por lo pagado siempre que logre probar mediante prueba preponderante la existencia de una deuda del recurrente para con su persona. En el caso de la acción de reembolso surge un crédito nuevo e independiente, ya que el primer crédito quedó extinguido por el pago. Id.

D. Deferencia a las determinaciones del Tribunal de Primera Instancia

Culminamos la exposición del derecho aplicable acentuando la deferencia que merecen las determinaciones del foro de instancia. Reconocemos que, de ordinario, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia. Como corolario de lo anterior, sólo podemos intervenir con el ejercicio de dicha discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Ramos Milano v. Wal-Mart de Puerto Rico, Inc., res. el 8 de junio de 2006, 2006 J.T.S. 106.
El Tribunal Supremo en Pueblo v. Ortega Santiago, 125 D.P.R. 203, 212 (1990), se expresó en los siguientes términos: “[ejl abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez en la decisión que emite no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podría ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos”. Salvo que exista alguna de las circunstancias antes indicadas, un tribunal apelativo no intervendrá con las determinaciones discrecionales del foro apelado.
III
Tenemos ante nuestra consideración la revisión de una resolución dictada por el Tribunal de Primera Instancia, sobre una acción de reembolso a favor de la peticionaria. Varios son los errores que se nos plantean en este recurso. Tras haber realizado un minucioso estudio de la resolución emitida por el foro de instancia, hemos concluido que los errores levantados por la peticionaria no se cometieron. A continuación, exponemos los fundamentos para nuestra determinación.
El primer error que la peticionaria trae ante nuestra consideración, trata sobre los gastos que el foro primario se negó a considerar, como parte de los que el recurrido debía rembolsar, conforme a la solicitud de la parte peticionaria. En específico, señala como error que el foro de instancia no consideró los siguientes gastos: tarjetas de crédito, retiros en efectivo, recargos bancarios, automóvil, laundry, periódicos, entretenimientos, regalos y farmacia. Puntualizó que estos gastos fueron necesariamente incurridos para el beneficio de los menores.
Se desprende del expediente apelativo que la peticionaria se limitó a argumentar ante el foro de instancia que los gastos antes mencionados eran atribuibles a los menores y que por tanto el recurrido debía reembolsarle una parte de ellos. Sin embargo, no vemos que ésta haya acreditado cómo los gastos no considerados por el foro instancia beneficiaron a los hijos y en qué medida.
Si bien el Tribunal Supremo reconoce la acción de reembolso para casos como el de autos, se ha dejado claramente establecido que la peticionaria que alega tener un crédito a su favor, tenía la obligación de presentar pmeba preponderante sobre la existencia de la deuda que reclama. Figueroa Robledo v. Rivera Rosa, supra. Ante la ausencia de prueba sobre el destino que tuvieron los gastos no considerados, así como quiénes se beneficiaron de los mismos, el foro primario actuó correctamente al no considerarlos como gastos de los menores que el recurrido tenía que rembolsar. Recordemos que en el caso de autos, el derecho a recibir pensión es de los hijos procreados durante el matrimonio y no de la peticionaria. Por tanto, cualquier cantidad reclamada *741 por ésta, debe ser para el beneficio de los menores particularmente y debe estar justificada. A la luz de lo anterior, colegimos que este error no se cometió.
Aduce la peticionaria que el foro de instancia incidió al determinar que para los meses de enero a junio de 2001, el recurrido fue relevado del pago de la pensión y al utilizar como base la pensión alimentaria provisional para acreditar ciertas cuantías a favor del recurrido.
De los autos surge que durante la tramitación del presente litigio, se aprobó la Ley Núm. 289, supra. Esta Ley tuvo el efecto de convertir a los hijos de las partes en personas mayores de edad. Así lo declaró el foro de instancia. El foro recurrido actuó conforme al derecho vigente. Como resultado de la mayoría de edad de los hijos, el tribunal determinó que procedía relevar al recurrido del pago de la pensión alimentaria, según había sido acordado en la sentencia de divorcio. No obstante, los hijos no quedaron sin remedio.
De una simple lectura de la estipulación sobre pensión alimentaria a favor de los hijos que formó parte de la sentencia de divorcio, surge que el recurrido cubriría “los gastos de los menores como lo está haciendo hasta el presente". Nótese que la estipulación aquí citada se refiere al alimento de los hijos mientras éstos fueran menores de edad.
Dado lo anterior, el Tribunal de Primera Instancia determinó que los hijos de las partes tenían que solicitar alimentos por su cuenta, por haber llegado a la mayoría de edad. Así lo hicieron. En virtud de ello, se le ordenó al recurrido pagar una pensión alimentaria mensual a favor de cada uno de sus hijos. Posteriormente, se dispuso de la controversia respecto a la solicitud de reembolso formulada por la peticionaria. Así pues, se acreditaron a favor de la peticionaria gran parte de los gastos incurridos y reclamados por ésta que correspondía pagar al recurrido. Además, el foro de instancia determinó que procedía un crédito a favor del recurrido, por los pagos de pensión alimentaria provisional que éste realizó a favor de sus hijos. Avalamos esta determinación. Contrario a lo que intenta establecer la peticionaria, lo importante para determinar si existe un crédito a favor del recurrido, es que en efecto éste haya realizado pagos por concepto de alimentos para sus hijos. No es trascendental, si los mismos se hicieron en pago de una pensión provisional o fija.
Por último, la parte peticionaria cuestiona que no se adjudicara como gasto reembolsable el préstamo que ésta tomó para costear los estudios universitarios de su hijo Luis A. Rodríguez- Erna Rodríguez.
En primer lugar, al igual que el Tribunal de Primera Instancia, coincidimos en que la cantidad de $40,975.29, es suficiente para cubrir los gastos de estudio de los menores que resten por satisfacer. Recordemos que no sólo la peticionaria recibirá la cantidad antes mencionada, sino que anteriormente el recurrido le remitió varios pagos para costear los gastos relacionados con los hijos procreados durante el matrimonio. Estudiada detalladamente la situación que presentada, nos parece razonable la actuación del foro inferior.
Por lo demás, revisado el derecho vigente sobre la responsabilidad de los progenitores de proveer alimento a sus hijos, advertimos que en ningún momento la doctrina descarga esta obligación sobre una de las partes. Por el contrario, tanto el padre como la madre tienen esta responsabilidad respecto a sus hijos.
El Tribunal Supremo exige al juzgador que realice una determinación, caso a caso, y que luego emita la determinación que corresponda. Key Oyóla v. Oyóla Nieves, supra. Así lo hizo el foro inferior en el caso de autos. Revisados todos los señalamientos hechos por la peticionaria, determinamos que el Tribunal de Primera Instancia no abusó de su discreción. A la luz de todo lo que hemos mencionado, concluimos que no se cometieron ninguno de los errores señalados por la peticionaria.
La peticionaria no ha logrado establecer que el foro de instancia hubiese incurrido en error, pasión, prejuicio o parcialidad, por lo que este Tribunal carece de fundamento válido para intervenir con la apreciación *742 del tribunal sentenciador. Reiterarnos que en el caso de autos, la peticionaria, que fue quien solicitó el reembolso en cuestión, tenía la obligación de acreditar la procedencia de la totalidad del crédito reclamado ante el foro de instancia, cosa que no logró hacer.
IV
Por los fundamentos anteriormente expuestos, acogemos el recurso y resolvemos confirmar la resolución emitida por el Tribunal de Primera Instancia.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones