Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| | | |
|---|---|---|
| NELLY DURÁN DELGADO<br>Apelante<br><br>v.<br><br>JESÚS SOSA CARRASQUILLO<br>Apelado | KLAN202201034 | Apelación procedente del Tribunal de Primera Instancia Sala de Fajardo<br><br>Caso Núm.<br>CA2021CV03440<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nosotros la señora Nelly Durán Delgado, (señora Durán Delgado o apelante), mediante recurso de apelación, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Fajardo, (TPI), el 5 de agosto de 2022.[1] En el contexto de una causa de acción presentada por la apelante a través del proceso sumario establecido en la Regla 60 de Procedimiento Civil, 32 L.PR.A. Ap. V, R. 60, referente al cobro de pensiones alimenticias presuntamente vencidas o atrasadas, el TPI (i) la declaró Con Lugar, en lo atinente al reclamo por gastos incurridos de su propio peculio ante obligaciones que correspondían ser asumidas por el señor Jesús Sosa Carrasquillo, (apelado o señor Sosa Carrasquillo); pero, (ii) la desestimó en lo atinente a las pensiones vencidas o atrasadas, determinando que no eran líquidas y exigibles, y el derecho a reclamarlas correspondía a la hija o hijo que advino a la mayoridad, no reconociéndole legitimación activa a la

---

[1] Notificada el 8 de agosto de 2022.

apelante para ello. Insatisfecha la señora Durán Delgado con esta segunda parte de la Sentencia apelada, nos solicita su revocación.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia* recurrida.

## I. Resumen del tracto procesal

El 16 de diciembre de 2021, la señora Durán Delgado presentó una *Demanda* sobre cobro de dinero bajo el procedimiento sumario de la Regla 60 de Procedimiento Civil, *supra*, en contra del señor Sosa Carrasquillo. Alegó que, el señor Sosa Carrasquillo le adeudaba $13,659.59 dólares por reembolso de pagos que esta cubrió totalmente, a pesar de ser responsabilidad del apelado. Adujo que, tal suma de dinero adeudado surgía de la *Resolución* del caso civil número F DI1996-0889, por lo que la deuda estaba vencida, líquida y exigible. Añadió que, los hijos que las partes tenían en común, al advenir a la mayoridad, tampoco recibieron pagos por concepto de deuda de pensión alimentaria, ni costas y honorarios de abogados, que tuvo que cubrir la apelante.

Luego de varios trámites procesales, no pertinentes a la controversia que estamos dilucidando, el 15 de marzo de 2022, se celebró el juicio en su fondo mediante videoconferencia para dirimir la reclamación planteada en la *Demanda*.[2] En la vista la apelante declaró que, en un caso de alimentos anterior entre las partes, atendido por la Sala de Familia, se determinó que al señor Sosa Carrasquillo le correspondía la obligación de pagar el 29.28% de los gastos médicos, universitarios y de graduación de los hijos que tienen en común, aunque luego las partes estipularon que fuera el 30%.[3] Sostuvo que, el apelado todavía estaba obligado a pagar la referida cantidad por pensión alimentaria, además de una pensión alimentaria a los hijos que aún eran

---

[2] Es de notar que, a pesar de haber sido debidamente emplazado, el apelado no compareció al juicio. Anejo VII del apéndice del recurso de apelación, págs. 62-64.

[3] Anejo IV del apéndice del recurso de apelación, pág. 20.

menores. En específico, la apelante reclamó el 30% por los gastos en exceso a los que le correspondía asumir, por procesos de ortodoncia, graduación y universidad en los que incurrió para su hija Irelis Sosa Durán, que el apelado no costeó a pesar de corresponderle.[4]

Por otro lado, la señora Durán Delgado solicitó el reembolso por las deudas de pensión alimentaria dejadas de pagar por el apelado. Específicamente reclamó las siguientes cantidades; (1) $7,305.40 por concepto de retroactivo establecido por el Tribunal; (2) $3,337.92 de gastos en la etapa apelativa; y (3) $1,500.00 de honorarios de abogado.[5] La apelante manifestó que en el proceso seguido en el caso del divorcio entre las partes el Tribunal había emitido *Resolución* el 4 de agosto de 2020, estableciendo un plan de pago al padre no custodio, por concepto de pensión alimentaria, y una deuda por retroactivo.[6] Asimismo, afirmó que el Tribunal adjudicó dichas partidas luego que Irelis Sosa Durán, hija de ambos, advino a la mayoría de edad.

Visto lo anterior, el 5 de agosto de 2022,[7] el TPI emitió *Sentencia* apelada, disponiendo que la apelante logró establecer la existencia de una deuda por los gastos en que incurrió para el tratamiento de ortodoncia, graduación, matrícula y gastos universitarios de su hija, ante el incumplimiento del pago que le correspondía asumir al apelado para dichas necesidades. En consonancia, condenó al señor Sosa Carrasquillo al pago de la suma correspondiente a tales gastos asumidos por la apelante, de $1,886.33, más el interés legal de 5.00%.

No obstante, en cuanto a la reclamación de las cuantías relacionadas a las pensiones alimentarias vencidas o atrasadas, el foro primario indicó que la única prueba que presentó la apelante a tales efectos fue la *Resolución* del caso civil número F DI1996-0889 (caso de

---

[4] *Íd.*
[5] *Íd.*
[6] *Íd.*
[7] Notificada el 8 de agosto de 2022.

divorcio), donde se estableció un plan de pago que el apelado asumiría junto a la pensión alimentaria vigente. A raíz de lo cual, el foro primario determinó que la señora Durán Delgado no había logrado establecer que contara con una reclamación de cobro de dinero que fuera líquida y exigible, según se exige en la causa de acción iniciada bajo el procedimiento sumario provisto por Regla 60 de Procedimiento Civil, *supra*.

Por último, el TPI razonó que la señora Durán Delgado no tenía legitimación para representar o reclamar en nombre de sus hijos ya mayores, pensiones atrasadas o no pagadas por el apelado. En particular, el tribunal plasmó que, conforme a lo establecido en *Ríos Rosario v. Vidal Ramos,* 134 DPR 3 (1993), tal causa de acción le correspondía al hijo o hija que hubiese alcanzado la mayoría de edad, pues contaba con plena capacidad jurídica para exigirlo a nombre propio.

Inconforme, el 22 de agosto de 2022, la apelante presentó *Moción Solicitando Reconsideración.* En lo pertinente, la señora Durán Delgado argumentó que en el caso de autos aplicaba la figura del pago por tercero, por cuanto su hija −mayor de edad− no quería recobrar la deuda de pensión alimentaria vencida. Así pues, solicitó que se le permitiera desfilar prueba, y se le reembolsara lo adeudado. Sin embargo, el TPI denegó la solicitud de reconsideración instada.

Es así que la parte apelante acude ante nosotros imputándole al TPI la comisión de los siguientes errores:

> **Primer Error:** Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al determinar que la parte demandante-apelante no estableció que tiene una reclamación en cobro de dinero líquida y exigible, conforme lo establece el procedimiento de cobro de dinero con relación al reembolso por las deudas de pensión alimentarias dejadas de pagar por el demandado-apelado y que tuvo que satisfacer de su peculio la parte demandante-apelante.

**Segundo Error:** Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al dictaminar que la parte demandante-apelante no pagó en exceso de lo que le correspondía o que desembolsó de su peculio cantidad alguna por gastos incurridos para cubrir las necesidades no satisfechas por el padre no custodio y en consecuencia dejando sin efecto el reclamo por la cantidad total de $13,659.99 por concepto de pagos, gastos y pagos de honorarios de abogado que cubrió totalmente la parte demandante-apelante y que era responsabilidad del demandado-apelado satisfacer como parte de la pensión alimentaria establecida a favor de la menor .

**Tercer Error:** Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al dictaminar que la parte demandante-apelante no tiene legitimación activa para reclamar el pago de pensiones no pagadas por el padre alimentante y que tuvo que satisfacer de su peculio la parte demandante-apelante.

De conformidad, el 13 de enero de 2021, emitimos una *Resolución* concediéndole treinta días al apelado para que presentara su escrito en oposición, pero este nunca compareció. En consecuencia, sin el beneficio de la comparecencia del señor Sosa Carrasquillo, procedemos a resolver.

## II. Exposición de Derecho

### A. Alimentos

En nuestro ordenamiento jurídico los menores tienen un derecho fundamental a recibir alimentos. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 717 (2022); *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632 (2011). Este derecho es inherente al derecho fundamental a la vida, consagrado en la Carta de Derechos de nuestra Constitución. *Díaz Ramos v. Matta Irizarry,* 198 DPR 916, 923 (2017); *De León Ramos v. Navarro Acevedo,* 195 DPR 157, 169 (2016); *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 559-560 (2012); *Llorens Becerra v. Mora Monteserín,* 178 DPR 1003, 1016 (2010); *McConnell v. Palau,* 161 DPR 734, 745 (2004). Los casos sobre alimentos de menores están revestidos del más alto interés público. *Díaz Rodríguez v. García Neris,* supra, pág. 5; *Fonseca Zayas v. Rodríguez Meléndez,* ante, pág. 632; *Argüello v. Argüello,* 155 DPR 62, 70 (2001). Ello debido a que procurar el mejor

interés y bienestar de los menores "constituye un pilar fundamental de nuestra sociedad y se ha reconocido como parte integral de la política pública del Gobierno de Puerto Rico." *De León Ramos v. Navarro Acevedo,* supra, pág. 169.

El artículo 590 del Código Civil, 31 LPRA sec. 7242, establece que los progenitores tienen el deber de alimentar y proveerle lo necesario para el desarrollo y formación integral de sus hijos, sujetos a su patria potestad. Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia. Artículo 653 de Código Civil, 31 LPRA 7531.

De esta manera, el Código Civil establece que ambos progenitores responden solidariamente de los alimentos de sus hijos. Si uno de ellos no cumple su obligación de pago íntegra y oportunamente, el otro puede iniciar la acción de cobro **a nombre del alimentista**, esté o no bajo su custodia, o a nombre propio como codeudor solidario. (Énfasis provisto). Artículo 661 del Código Civil, 31 LPRA 7544. Cónsono con lo anterior, nuestro máximo foro ha reiterado que mientras los hijos sean menores de edad, no emancipados, son los padres quienes deben reclamar el pago de las pensiones alimentarias en nombre de sus hijos. *Toro Sotomayor v. Colón Cruz,* 176 DPR 528, 535 (2009).

No obstante, una vez los hijos alcanzan la mayoría de edad, estos tienen la capacidad para representar sus propios intereses ante los tribunales, por lo que desde ese momento sus padres no pueden hacerlo. *Íd. en la pág. 536; Key nieves v. Oyola Nieves,* 116 DPR 261, 268 (1985). Conforme a lo cual, en el caso de las pensiones alimentarias vencidas o atrasadas, **el progenitor carece de legitimación para representar a su hijo alimentista mayor de edad o para continuar la acción de cobro de las cuantías no satisfechas, aunque haya sido el progenitor quien**

**inició la acción originalmente.** (Énfasis provisto). *Toro Sotomayor v. Colón Cruz,* supra.

### B. Acción de reembolso

Por otra parte, el Tribunal Supremo resolvió que cuando un padre alimentante paga en exceso de lo que le corresponde, tiene un crédito a favor por ese excedente. *Íd; Calvo Mangas v. Aragonés Jiménez,* 115 DPR 219, 229 (1984). Asimismo, el alto foro determinó que el padre que ha pagado en exceso puede reclamar su crédito mediante una acción independiente que no configura una reclamación de alimentos. *Figueroa Robledo v. Rivera Rosa,* 149 DPR 565, 574 (1999). Es decir, tiene disponible una acción personal para que se le reembolse lo que pagó en exceso. En dicha situación, aplica la figura del pago por tercero, regulada por el Artículo 1120 del Código Civil, 31 LPRA 9151, en donde se establece lo siguiente:

> Cualquier persona puede hacer el pago, tenga interés en el cumplimiento de la obligación o no, ya sea que lo conozca y lo apruebe el deudor, o ya que lo ignore.
> La persona que paga por cuenta de otra puede reclamar del deudor lo que ha pagado, excepto cuando lo ha hecho sin su consentimiento. En este último caso, si el tercero hace el pago de buena fe puede exigir al deudor que le restituya aquello en lo que le ha sido útil el pago.

### C. Legitimación Activa

Nuestro Tribunal Supremo ha reiterado que "[l]a legitimación activa es uno de los requisitos del principio de justiciabilidad que los tribunales tienen que tomar en consideración antes de adjudicar una controversia en los méritos". *Asociación de Maestros v. Dept. de Educación,* 200 DPR 974, 976 (2018); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 942 (2011). La legitimación activa se ha definido como "[l]a capacidad de una parte para realizar con eficacia actos procesales como parte litigante y comparece como demandante o demandado, o en representación de cualquiera de ellos". *Col. De Ópticos de P.R. v. Vani Visual Center,* 124 DPR 559, 563 (1989). Asimismo, "es un

instrumento de autolimitación y de prudencia judicial que tiene su génesis en la doctrina de justiciabilidad de las controversias". *Íd.*

Para determinar si una parte tiene legitimación activa debe cumplir con los siguientes requisitos: (1) haber sufrido un daño claro y palpable; (2) que el referido daño sea real, inmediato y preciso, y no abstracto o hipotético; (3) una conexión entre el daño sufrido y la causa de acción ejercitada, y (4) que la causa de acción surja bajo el palio de la Constitución o de una ley. *Asociación de Maestros v. Dept. de Educación,* supra; *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* pág. 943; *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 924 (2010). En nuestro ordenamiento, "[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa". *Torres Montalvo v. Hon. Alejandro García* Padilla, 194 DPR 760, 766-767 (2016); *P.N.P. v. Carrasquillo,* 166 DPR 70, 74 (2005).

### D. Procedimiento Sumario bajo la Regla 60

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil dólares ($15,000.00), excluyendo los intereses. La referida regla se creó con el propósito de agilizar y simplificar los procedimientos en reclamaciones por cuantías pequeñas, para facilitar el acceso a los tribunales y lograr una solución rápida, justa y económica. *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002).

Por otro lado, en una acción de cobro de dinero, el demandante **tiene que probar** ser el acreedor de una deuda **vencida, líquida y exigible**. (Énfasis provisto). *General Electric v. Concessionaires, Inc.,* 118 DPR 32, 43 (1986). Respecto a ello, nuestro Tribunal Supremo expresó:

> El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento. *Guadalupe v. Rodríguez,* 70 DPR 958, 966-967 (1950).

La deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada". *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 168 y a *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). Por su parte, la deuda es "exigible" cuando la obligación no está sujeta a una causa de nulidad y puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, supra.

### III. Aplicación del Derecho a los hechos

Por estar íntimamente relacionados, se discutirán los errores señalados en conjunto.

La apelante aduce que incidió el TPI al determinar que no logró establecer que la reclamación en cobro de dinero fuera líquida y exigible. De igual forma, cuestiona la decisión del TPI al declararla sin legitimación para reclamar el pago de pensiones adeudadas a sus hijos.

Valga iniciar reiterando que el TPI sí reconoció y ordenó que el apelado pagara a la parte apelante el reembolso del dinero que esta asumió, en exceso del porciento que le correspondía en el pago de la pensión alimentaria. Habiéndose probado en la vista evidenciaria celebrada el crédito en favor de la apelante surgido por las cantidades pagadas en pensión alimentaria, en exceso de lo que le correspondía, sólo procedía ordenar el pago de los debido, según así lo hizo el TPI. Sobre esto, el foro *a quo* dejó constancia en la Sentencia apelada de que la apelante presentó evidencia de los recibos de los gastos de ortodoncia, matrícula y universidad, demostrando que tenía una deuda líquida y exigible, susceptible de ser reclamada a través del proceso que habilita la Regla 60 de Procedimiento Civil, supra.

No obstante, fue con relación a la reclamación instada por la apelante sobre la pensión alimentaria vencida y alegadamente adeudada

por el apelado hacia los hijos en común, que el foro primario determinó que no procedía ordenar el pago reclamado. Con referencia a este primer asunto, lo primero que llama la atención es que, a pesar de que en la vista celebrada ante el TPI para dilucidar los asuntos allí planteados se presentó prueba documental, pero también se desfiló prueba testifical, la parte apelante no incluyó junto a su escrito ante nos algún medio de reproducción de la prueba testifical, que nos pusiera en posición de verificar las determinaciones de hechos conducentes al resultado cuya revocación pretende, por lo que estamos atados a conceder deferencia a las que realizara el foro apelado.

Llamada la atención sobre lo anterior, es de ver que, por una parte, el TPI fundó la desestimación de la causa de acción de cobro de dinero aludida, en su afirmación de que la señora Durán Delgado no estableció que tuviera una deuda de cobro de dinero **que fuera líquida y exigible**, lo que es un requerimiento ineludible de los procesos iniciados al amparo de la Regla 60 de Procedimiento Civil, supra. Según señalamos en la exposición de derecho, el promovente de la causa de acción instada bajo el proceso particular provisto por la regla citada **tiene que probar** ser el acreedor de una deuda **vencida, líquida y exigible**. *General Electric v. Concessionaires, Inc.,* supra. (Énfasis provisto).

La alusión por la apelante a la Sentencia emitida en el proceso de divorcio seguido entre las partes de epígrafe, como base para establecer el derecho al recobro de pensiones alimentarias no pagadas por el apelado, falló en establecer que la presunta deuda reclamada fuera cierta y determinada. Aun a este nivel apelativo tampoco surgen tales elementos, para poder ordenar al apelado el pago de las pensiones alimentarias alegadas, es decir, no se logra establecer una deuda vencida, líquida y exigible. El plan de pago de la pensión alimentaria establecido en el referido caso de divorcio, con el que tendría que cumplir

el apelado, no precisa las cantidades pagadas y las debidas, de modo que imposibilitan el cumplimiento con el requerimiento de que la cantidad reclamada a través de la Regla 60, supra, sea líquida, y exigible. A pesar de lo explicado, en su recurso ante nosotros la apelante no ahondó sobre este asunto, limitando su discusión al alegado error del TPI de no tomar conocimiento judicial de la Sentencia de divorcio entre las partes.

Por otra parte, el TPI también dispuso que la apelante no poseía legitimación activa para reclamar la pensión alimentaria vencida y no pagada por el señor Sosa Carrasquillo que se debía a los hijos que ya habían advenido a la mayoridad. Es importante en este punto notar que la apelante reclamó la pensión alimentaria adeudada por el apelado a la hija en común, ya mayor de edad.

Conforme resaltamos en la exposición de derecho, la legitimación activa es uno de los requisitos del principio de justiciabilidad que los tribunales tenemos que tomar en consideración antes de adjudicar una controversia en los méritos. *Asoc. De maestros v. Dept. de Educación*, supra. Sobre tal tema, nuestro alto foro ha reiterado que, en los casos de pensiones alimentarias vencidas o atrasadas, el progenitor carece de legitimación para reclamar las cuantías no satisfechas en representación del hijo mayor de edad. Es decir, quién posee legitimación para reclamar la pensión alimentaria no satisfecha es el hijo mayor de edad, quien tiene la capacidad jurídica para representar sus propios intereses. *Toro Sotomayor v. Colón Cruz*, supra.

De lo anterior se sigue que, tal como lo determinó el TPI, la apelante no tenía legitimación para reclamar las cuantías correspondientes al pago de pensiones alimentarias, ante el hecho incontrovertido que tal causa de acción solo podía ser reclamada por la hija mayor de edad, quien ostentaba el derecho de iniciar causa judicial de conformidad.

Según se ha visto, el tribunal *a quo* se ajustó a derecho al emitir el dictamen apelado, no cometiendo los errores que se le imputaron, por lo que solo nos corresponde confirmar la *Sentencia* apelada.

**IV. Parte dispositiva**

Por los fundamentos expuestos, confirmamos la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones